[No. B100260. Second Dist., Div. Two. Sept. 11, 1997.]

NINA BYERS, Plaintiff and Appellant, v.
ETHEL CATHCART et al., Defendants and Respondents.

806

**COUNSEL**

Paul, Hastings, Janofsky & Walker, Paul R. Walker, Betty M. Shumener, David A. Sudeck and Henry H. Oh for Plaintiff and Appellant.

Knerr & Olyer, Marilyn Wise and Connolly Oyler for Defendants and Respondents.

**OPINION**

**ZEBROWSKI, J.**—This appeal concerns an injunction issued pursuant to Code of Civil Procedure section 527.6 (section 527.6.) Section 527.6 is a specialized statute providing an expedited procedure for issuance of limited-scope and limited-duration injunctions in instances of "harassment." The term "harassment" is narrowly defined in section 527.6. Among other aspects of the definition, the complained-of conduct must have "no legitimate purpose" in order to constitute "harassment." (§ 527.6, subd. (b).)

The complained-of conduct which generated this appeal was parking a car along the side of a driveway. Although the order appealed from contains many provisions, and the appeal is generally stated as an appeal from the entire order, the only provision attacked in the briefing is the provision enjoining plaintiff from parking along the side of the driveway. We therefore focus on whether, under the facts of this case, plaintiff could properly be enjoined pursuant to section 527.6 from parking along the side of the driveway.

Plaintiff has an easement to use the driveway. The scope of the use authorized by the easement is in dispute. It can hardly be disputed, however, that parking a car is a legitimate necessity. Parking generally is not conduct having "no legitimate purpose." There is no evidence here that the parking was done for the purpose of annoying defendants as opposed to the purpose of storing a vehicle between periods of use. The no-parking provision of the injunction was therefore beyond the scope of section 527.6.

Although improper use of an easement can be enjoined, potentially complex issues of real estate law such as rights and duties pursuant to an easement cannot properly be resolved pursuant to the summary procedures of section 527.6. That portion of the section 527.6 injunction which bars plaintiff from parking along the side of the driveway must therefore be reversed, without prejudice to review of that issue according to normal injunctive procedures.

## I. BACKGROUND.

The driveway easement crosses a lot owned by one defendant. On that lot sits that defendant's home. Plaintiff's home is adjacent. The driveway easement provides plaintiff with access to plaintiff's home. The second defendant is a cohabitant of the homeowner defendant.

Plaintiff has long had a recorded easement to use the driveway for "road and utilities purposes." The scope of the uses permitted by a "road and utilities" easement is disputed. Plaintiff contends that a "road and utilities" easement allows parking. Defendants contend that only passage, and not parking, is permitted.

The driveway easement is 30 feet wide. Plaintiff contends that the driveway as built is wide enough to allow parking along the edge closest to her home without blocking passage. Defendants maintain otherwise, and further complain about the aesthetic effect of plaintiff's parked cars. Plaintiff asserts that she used the driveway easement for parking for many years without dispute. Defendants counter that the scope of her use has recently changed. Plaintiff is a physics professor at the University of California at Los Angeles, and uses a garage on her property as a study for preparing lectures. Defendants contend that plaintiff's use of her garage as a study prevents its use for parking cars, and that this is why plaintiff parks on the driveway easement. Plaintiff responds that the garage structure has long been used as a study, and that in any event the garage issue is not relevant to the issue of whether plaintiff has committed harassment.

Plaintiff filed an application for a section 527.6 injunction alleging that defendants harassed plaintiff by threatening her, by directing foul language

towards her, by parking a pickup truck diagonally across the driveway to block her ingress and egress, and by other annoying or threatening acts. Plaintiff's application was filed on normal notice with a hearing set for December 6, 1995. In her application, plaintiff explained that the origin of the dispute was her use of the easement. She asked for mainstream antiharassment orders (no threatening, no blocking, no coming within close proximity, no surveillance, etc.). She did not seek adjudication of the parties' respective rights and duties pursuant to the easement.

On December 5, 1995 (the day before the hearing), defendants filed opposition plus an application for their own section 527.6 injunction against plaintiff. Defendants cited four acts of alleged harassment by plaintiff: 1) that plaintiff caused the Los Angeles Police Department to issue a citation to one of the defendants for "illegal parking" (parking the truck diagonally across the driveway easement so as to completely block it), 2) that plaintiff allowed guests and workers to park on the driveway easement, 3) that plaintiff parked on the driveway easement herself, 4) and that plaintiff used the "legal system (i.e., Police and Courts) to harass, annoy and cause needless expenditure of money and time fighting about her illegal parking."

■ All persons have a constitutional right to petition the government for redress of grievances. Such conduct cannot be enjoined. (See, e.g., § 527.6, subd. (b); *Smith* v. *Silvey* (1983) 149 Cal.App.3d 400 [197 Cal.Rptr. 15].) Thus the only claims raised by defendants that related to activity that is not plainly constitutionally protected was the parking on the driveway easement.

A hearing was held on December 6 (the day after defendant's papers were filed). The declarations of the parties filed in support of their respective petitions were received in evidence and plaintiff testified. The court then heard argument. Almost none of the argument related to issues of harassment. Most of it related to the validity and scope of the easement, covering subjects such as prescriptive easements, building permits, the legality of plaintiff's garage use, adverse possession, dominant and servient tenements, the case law of easements, exclusive versus nonexclusive easements, etc.

At the conclusion of the hearing, the court ordered entry of mutual restraining orders restraining the parties from threatening each other, following each other, blocking each other's movements, etc., notwithstanding that no evidence had been offered that plaintiff had engaged in any harassing conduct directed against defendants. The court further ordered that defendants could park on the driveway easement, but that plaintiff could not. A formal order was signed and filed later. A capitalized passage in the formal order emphasizes its seriousness: "VIOLATION OF THIS ORDER IS A MISDEMEANOR, PUNISHABLE BY A $1,000 FINE, SIX MONTHS IN JAIL, OR BOTH.

THIS ORDER SHALL BE ENFORCED BY ALL LAW ENFORCEMENT AGENCIES IN THE STATE OF CALIFORNIA . . . . THE LAW ENFORCEMENT AGENCY SHALL ENFORCE THE ORDER IMMEDIATELY UPON RECEIPT. IT IS ENFORCEABLE ANYWHERE IN CALIFORNIA BY ANY LAW ENFORCEMENT AGENCY THAT HAS RECEIVED THE ORDER OR IS SHOWN A COPY OF THE ORDER. IF PROOF OF SERVICE ON THE RESTRAINED PERSON HAS NOT BEEN RECEIVED, THE LAW ENFORCEMENT AGENCY SHALL ADVISE THE RESTRAINED PERSON OF THE TERMS OF THE ORDER AND THEN SHALL ENFORCE IT." The order specified an expiration date of December 5, 1998—three years after the date of the hearing.

## II. CONTENTIONS ON APPEAL.

■ Plaintiff's first contention is that the trial court misapplied section 527.6 when it ordered plaintiff not to park on the driveway easement. She contends that section 527.6 was not intended to provide for summary determination of potentially complex issues of real estate law such as the proper scope of an easement. Further, she asserts that there was no proof that her parking on the driveway easement in this instance was for "no legitimate purpose." Unless the parking had "no legitimate purpose," it would not come within the statutory definition of "harassment."

This first of plaintiff's contentions is correct and resolves the parking issue for purposes of this appeal. There is therefore no need to consider plaintiff's second contention that she was denied due process by the abrupt procedure used by the trial court and her third contention that the trial court misapplied the law of easements.

## III. DISCUSSION.

a. *A section 527.6 antiharassment injunction cannot be effective for more than three years; it therefore cannot resolve a real property dispute.*

The court's no-parking order expires three years after its making. Three years is the maximum permissible duration of a section 527.6 injunction. (§ 527.6, subd. (d).) After the expiration of three years, plaintiff will once again be permitted to park on the driveway easement unless defendant first obtains another order prohibiting such parking. The trial court's section 527.6 order therefore did not, and could not, finally determine the parties' respective rights and duties regarding use of the easement. The lack of finality of a section 527.6 order underscores that section 527.6 was never intended to provide an expedited procedure for resolving real property disputes. (See *Marquez-Luque* v. *Marquez* (1987) 192 Cal.App.3d 1513,

1518 [238 Cal.Rptr. 172] [eviction of the defendant from real property was not a remedy authorized by § 527.6].)

b.  *The purpose of section 527.6.*

■  Section 527.6 was enacted to provide an expedited procedure for preventing "harassment" as defined. (See, e.g., *Schild* v. *Rubin* (1991) 232 Cal.App.3d 755, 761 [283 Cal.Rptr. 533]; *Diamond View Limited* v. *Herz* (1986) 180 Cal.App.3d 612, 616 [225 Cal.Rptr. 651]; 6 Witkin, Cal. Procedure (4th ed. 1997) Provisional Remedies, § 318, pp. 250-251.) The motivation for the statute was the experience of a young woman who was hounded by a male admirer who followed her, incessantly telephoned her, etc. (*Schild, supra*, at p. 761.) The statute was designed to provide a quick and simple procedure by which this type of wholly unjustifiable conduct, having no proper purpose, could be enjoined. The statute is limited to protecting only those who have suffered "substantial emotional distress" caused by conduct "which serves no legitimate purpose." (§ 527.6, subd. (b), defining "harassment.") Nothing in the statute indicates that it was intended to supplant normal injunctive procedures applicable to cases concerning issues other than "harassment" as statutorily defined.

c.  *Normal injunctive procedures contrasted.*

Normal injunctive procedures allow time for research and investigation, pleading and other motions if necessary, discovery and preparation, etc., followed by opportunity for a full trial. (See, e.g., Code Civ. Proc., § 527; Weil & Brown, Cal. Practice Guide: Cal. Civil Procedure Before Trial (The Rutter Group 1997) ch. 9, pt. II, Provisional Remedies, pp. 9(11)-26 to 9(11)-48.4; 6 Witkin, Cal. Procedure, *supra*, Provisional Remedies, pp. 300-337.) A temporary restraining order is initially available to stabilize a situation; a preliminary injunction can follow. Thereafter the matter can proceed to a full trial. If this matter had been handled according to normal injunctive procedures, plaintiff would have had ample time to develop evidence and prepare her case, and would not have had to defend her use of the easement on 24 hours' notice.

Section 527.6, by contrast, provides a quick and truncated procedure. Offsetting the truncated nature of this procedure is the limited scope of the antiharassment orders which can legitimately follow. Section 527.6 provides for temporary restraining orders to handle immediate problems, followed quickly by a court hearing on a limited-scope antiharassment injunction— normally within 15 days, but in no case more than 22 days even if time is extended for good cause. (§ 527.6, subds. (c) & (d).) This expedited and

summary proceeding is subject to several limitations designed to confine it to its proper scope. One such limitation is that any injunction which results cannot exceed three years in duration. Section 527.6 hence does not allow for final resolution of disputed rights. Another limitation is that "harassment" must be found by clear and convincing evidence before future conduct may be enjoined. (§ 527.6, subd. (d).) Another limitation is that a section 527.6 injunction may enjoin only "harassment" as defined. (§ 527.6, subd. (b).) Conduct which serves a legitimate purpose is outside the definition of "harassment" and cannot be enjoined pursuant to the summary procedures of section 527.6, even if such conduct might ultimately be enjoinable according to normal injunctive procedures after full development of the facts and law.

### d. There was no evidence that the car parking was "harassment."

■ There was no evidence in this case that plaintiff parked her car on the driveway easement (or allowed her guests and visitors to park there) for any purpose other than for the same purpose possessed by every driver who parks a car—she has to leave her car somewhere when she is not using it. There was no evidence, for example, that plaintiff had available to her other equally convenient parking spaces but nevertheless spitefully chose to park on the driveway easement simply to annoy defendants. (Cf. § 527.6, subd. (b) [Harassment "is a knowing and willful course of conduct directed at a specific person which seriously alarms, annoys, or harasses that person, *and which serves no legitimate purpose.*" (Italics added.)].) Instead, the evidence simply reflects a difference of opinion regarding the proper scope of the easement. The evidence is that plaintiff parked in the driveway easement because she needed a place to park and the driveway near her home was the most convenient and secure location readily available. There was no evidence to support the necessary finding that plaintiff's parking served "no legitimate purpose." (Cf. *Schild* v. *Rubin, supra,* 232 Cal.App.3d 755, 764 [implying doubt that playing basketball could be characterized as having no legitimate purpose].) Legitimacy of purpose negates harassment. Since the general act of parking a car serves a legitimate need, and since there was no evidence in the record to support a conclusion that plaintiff was parking on the driveway easement for a purpose other than to meet this legitimate need, there is no support in the record for the necessary conclusion that the car parking constituted harassment.

## IV. ATTORNEY FEES.

■ Both parties seek attorney fees on appeal pursuant to section 527.6, subdivision (i), which provides: "The prevailing party in any action brought under this section may be awarded court costs and attorney's fees, if any."

Authorization for the recovery of attorney fees includes authorization for recovery of attorney fees incurred on appeal. (See *Morcos* v. *Board of Retirement* (1990) 51 Cal.3d 924, 927 [275 Cal.Rptr. 187, 800 P.2d 543].) Plaintiff is the prevailing party on appeal, since she has achieved what she sought by the appeal: a ruling that the trial court erred in proceeding under section 527.6 to determine the question of her right to park on the driveway. (See *Elster* v. *Friedman* (1989) 211 Cal.App.3d 1439, 1443 [260 Cal.Rptr. 148].) Upon remand, the trial court shall determine the amount of such fees. (See *Milman* v. *Shukhat* (1994) 22 Cal.App.4th 538, 546 [27 Cal.Rptr.2d 526].)

## V.  DISPOSITION.

The order appealed from is reversed to the extent that it enjoins plaintiff from parking on the driveway easement. Upon application by plaintiff, the trial court shall determine the amount of attorney fees to be awarded to plaintiff. Plaintiff to recover costs on appeal.

Boren, P. J., and Fukuto, J., concurred.