Filed 2/3/16  Banda v. Wash CA5

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| MARIA BANDA,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>JOHN WASH,<br><br>  Defendant and Appellant. | F069417<br><br>(Super. Ct. No. 13CECG03846)<br><br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Fresno County.  Jeffrey Y. Hamilton, Jr., Judge.

John Wash, in pro. per., for Defendant and Appellant.

Law Office of Daniel L. Harralson and Daniel L. Harralson for Plaintiff and Respondent.

-ooOoo-

Defendant John Wash appeals from an order, entered pursuant to Code of Civil Procedure[1] section 527.6,[2] enjoining him from harassing plaintiff Maria Banda and her

---

[1]    All further statutory references are to the Code of Civil Procedure.

two sons.  Defendant contends the order improperly interferes with his use of the real property he co-owns with plaintiff; further, findings necessary to support the order either were not made or are not supported by substantial evidence, and the injunction should not have included plaintiff's adult son as a protected person.  We conclude defendant has not established an abuse of the trial court's discretion.  Substantial evidence supports the trial court's findings, both express and implied, and the scope of the injunction is proper.  Accordingly, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and defendant, who is plaintiff's deceased husband's brother, co-own 100 acres of real property.  Plaintiff operates a palm tree nursery on a portion of the property.  Defendant grows citrus fruit on another portion of the property.  The parties live in separate residences on the property.  A driveway runs by plaintiff's residence and business; a front gate and back gate control access.

In 2013, the front gate was open during the day for plaintiff's customers to enter, but plaintiff locked the gates at night to keep thieves out.  Plaintiff did not give defendant a key to the gates.  The pump and valves that control the irrigation system for the citrus groves were located near plaintiff's residence.  Defendant needed access to the irrigation controls to irrigate, including at night.

In December 2013, plaintiff filed a request for a civil harassment injunction against defendant under section 527.6.  She sought protection for herself, her two sons, other relatives, and employees of her business.  Plaintiff asserted, among other things, that defendant cut the locks on the gates to her driveway multiple times, removed the gates, placed a storage container across the driveway, threatened her, and followed and filmed her as she went about her business.  She asserted that on October 22, 2013,

---

**2**     All references to section 527.6 are to the version of the statute in effect at the time plaintiff's application for a harassment injunction was adjudicated.

2.

defendant removed a gate from its hinges without notice to her; when she shut the gate, it fell on her, causing serious injuries.

The trial court issued a temporary restraining order. After a two-day trial, it issued an injunction on March 20, 2014, prohibiting defendant from harassing, contacting, filming, or otherwise intimidating plaintiff and her two sons for three years. It required defendant to stay at least 200 yards away from the protected persons, and from plaintiff's home, workplace, vehicle, and "any pump valve or other farming equipment located within the protected radius of" plaintiff. The trial court also ordered defendant to pay plaintiff's attorney fees and costs, in the total sum of $16,814. Defendant appeals from the injunction order and from the order awarding attorney fees to plaintiff.

**DISCUSSION**

I.     STANDARD OF REVIEW

"The trial court's decision to grant a permanent injunction rests within its sound discretion and will not be disturbed on appeal absent a showing of a clear abuse of discretion." (*Shapiro v. San Diego City Council* (2002) 96 Cal.App.4th 904, 912 (*Shapiro*).) "[T]he burden rests with the party challenging the injunction to make a clear showing of an abuse of discretion." (*IT Corp. v. County of Imperial* (1983) 35 Cal.3d 63, 69.)

"[T]o the extent the trial court had to review the evidence to resolve disputed factual issues, and draw inferences from the presented facts, an appellate court will review such factual findings under a substantial evidence standard." (*Shapiro, supra,* 96 Cal.App.4th at p. 912.) In applying that standard, "[w]e resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) "But whether the facts, when construed most favorably in [the respondent's] favor, are legally sufficient to constitute civil harassment

3.

under section 527.6, and whether the restraining order passes constitutional muster, are questions of law subject to de novo review." (*R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 188.)

## II.  INJUNCTION AGAINST HARASSMENT

"A person who has suffered harassment … may seek a temporary restraining order and an injunction prohibiting harassment." (§ 527.6, subd. (a)(1).)  Harassment is defined as: "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose.  The course of conduct must be such as would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).)  If the trial court finds by clear and convincing evidence that harassment exists, it must issue an injunction prohibiting the harassment.  (§ 527.6, subd. (i).)

## III.  SCOPE OF INJUNCTION

Defendant contends the injunction is overbroad and improper because it requires him to stay 200 yards away from plaintiff's home and business, but in order to conduct his own business, he must have access to the irrigation controls, which are located there. He asserts the order unconstitutionally restricts the conduct of his business and effectively decides a land dispute that was not before the court in this proceeding.

"Section 527.6 is a specialized statute providing an expedited procedure for issuance of limited-scope and limited-duration injunctions in instances of 'harassment.'" (*Byers v. Cathcart* (1997) 57 Cal.App.4th 805, 807 (*Byers*).)  Harassment is narrowly defined, to include conduct that seriously harasses a person, causes substantial emotional distress, and serves no legitimate purpose.  (§ 527.6, subd. (b)(3).)  A proceeding for a harassment injunction addresses the conduct of the harasser; it is not designed to address or determine substantive property rights.

4.

In *Byers*, for example, the plaintiff had a driveway easement across the defendants' lot. The defendants objected to the plaintiff parking her car along the side of the driveway. (*Byers*, *supra*, 57 Cal.App.4th at p. 808.) In a section 527.6 proceeding, the trial court entered an injunction against both parties. (*Byers, supra,* at p. 809.) The reviewing court reversed the portion of the order prohibiting the plaintiff from parking alongside the driveway. (*Id.* at p. 807.) It concluded that, because a harassment injunction had a limited duration (at that time, a maximum duration of three years), a proceeding under section 527.6 could not finally determine real property disputes, such as the parties' rights under an easement. (*Byers, supra,* at p. 810.) Further, the statute was not intended to supplant normal injunctive proceedings, which involve pleadings, discovery, and a full trial, for matters other than harassment. (*Id.* at p. 811.)

The injunction in this proceeding required that defendant stay at least 200 yards away from plaintiff, her home, and her workplace. It specifically provides: "This will include any pump valve or other farming equipment located within the protected radius." There was evidence the pump, valves, and a diesel tank were located in close proximity to plaintiff's residence. Defendant does not point to anything in the record demonstrating that the citrus groves or anything necessary to the conduct of his business operations, other than the pump, valves, and tank were located within the 200-yard radius. The evidence indicated there were routes available to defendant to reach the citrus groves without using the driveway to plaintiff's residence and business.

As to the pump, valves and diesel tank, the injunction only restrains defendant from personally approaching plaintiff's area of the property. It does not prevent his lawful use of the pump, valves or diesel tank. Evidence submitted with defendant's motion to dissolve the injunction suggests plaintiff's counsel has interpreted the order as limiting defendant's substantive rights. If it were interpreted to do so, the order would have the impermissible effect of restricting defendant's property rights in a proceeding in which those rights may not be determined. Thus, the pump and other equipment may be

5.

used in defendant's operation of the citrus groves, as long as defendant himself does not operate them. Nothing in the injunction prevents defendant from having a third person operate, maintain, and repair the equipment on his behalf in a lawful, peaceable manner. We note that, prior to entry of the injunction, plaintiff represented to the trial court that the parties had stipulated to allow defendant's son, Orion Wash, to operate the pump and valves; during the trial plaintiff proposed hiring someone, or having her brother, Valente Banda, operate the equipment on defendant's behalf. Valente testified he had operated the pump in the past. Thus, plaintiff conceded there are persons who could operate the pump and valves on defendant's behalf so that his business need not suffer from his inability to approach the controls that are within the protected area around plaintiff's residence and business.

Defendant also contends the stay away order violates section 7(b) of the order. Section 7(b) of the mandatory Judicial Council form for a civil harassment restraining order issued pursuant to section 527.6 provides: "This stay-away order does not prevent you from going to or from your home or place of employment." Defendant contends the stay away order prevents him from "going to and from his home and place of employment on the driveway." He asserts the 200-yard stay away order prohibits his access to the pump, valve and other equipment, which are part of his employment, and prevents him "from being able to safely travel on his driveway to and from the back portions of his citrus orchards," which are also part of his workplace. Evidence presented at the trial indicated there were multiple routes by which defendant could reach his home or the citrus groves without traveling on the gated driveway that ran by plaintiff's home and business. Defendant points to no evidence in the record that the 200-yard distance in the stay away order prevents him from going to and from his house or to and from the citrus groves. As we construe the order, it does not deny him access to the pump, valves, and other equipment; it merely precludes him from personally operating them.

We conclude the injunction, as so construed, balances the rights of the parties; it is not overbroad or improper, because it does not impermissibly interfere with the conduct of defendant's legitimate business.

IV. SUFFICIENCY OF EVIDENCE

Defendant contends certain of the trial court's findings were not supported by substantial evidence.

A. Course of Conduct

Harassment, as defined in section 527.6, includes "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) "'Course of conduct' is a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual …. Constitutionally protected activity is not included within the meaning of 'course of conduct.'" (§ 527.6, subd. (b)(1).)

Defendant challenges the trial court's implied finding that he engaged in a course of harassing conduct that served no legitimate purpose. He does so by parsing his conduct into discrete actions and arguing that some of them served legitimate purposes. For example, he contends he drove on the driveway near plaintiff's residence for the legitimate purpose of operating the farm and the pump. The evidence, however, indicated his course of conduct included multiple occasions of cutting the locks, chains, or hinges off the gates plaintiff locked to keep thieves from stealing palm trees from her business and to protect her residence; it included instances of cutting or knocking down the gates themselves. Defendant admitted cutting the locks and chains. Defendant also conceded he deliberately placed a large container where it blocked the driveway at the

7.

front gate; he did so to retaliate because he believed plaintiff had placed an obstacle where it blocked the back gate.[3]

Plaintiff testified that, when defendant placed the container in the driveway, he also put a lock on the front gate, preventing her from getting out. Her teenage son, Martin, tried to remove the lock; defendant assaulted him and told him plaintiff's husband was not Martin's father, which devastated Martin. When plaintiff's other son, Juan, tried to move the container with a forklift, defendant threatened Juan and accused him of hitting defendant's car; defendant was mad and Valente, who observed the incident, thought defendant wanted to hit Juan.

One night, when plaintiff went to lock the back gate, the gate fell on her and injured her because the hinges had been cut. Defendant declared he notified plaintiff orally and by written note that he planned to remove the gate; he then removed it and left it leaning against the fence several feet away. He denied cutting the hinges and leaving the gate in place, where it could fall on plaintiff when she attempted to close it.

There was also evidence defendant took pictures and videos of plaintiff and others in the area of her residence and business; drove up to her outside her residence, pointed a gun at her, then smiled and drove away;[4] and claimed the diesel tank, which was located near plaintiff's residence, as his own, and put a sign on it warning plaintiff not to use it. Additionally, the evidence showed there were multiple routes by which defendant could reach his residence and the citrus groves without using the driveway running past plaintiff's residence and business.

---

**3**    Plaintiff's brother, Valente, testified he placed the obstacle blocking the back gate without plaintiff's knowledge, after defendant broke down the back gate with a forklift because Valente had put a large lock on it.

**4**    Defendant asserted the gun was an old, broken BB gun that would not shoot.

Substantial evidence amply supported the trial court's conclusion defendant engaged in a course of harassing conduct that served no legitimate purpose.[5]

Defendant complains that the trial court erroneously concluded he admitted cutting the hinges of the back gate before it fell on plaintiff. We agree he did not admit to cutting the hinges and leaving the gate in a position from which it would fall on plaintiff when she tried to close it. However, an order may be reversed for error only if the error is prejudicial. "An appellant bears the burden to show not only that the trial court erred, but also that the error was prejudicial in that it resulted in a miscarriage of justice. [Citations.] An error is prejudicial and results in a miscarriage of justice only if the reviewing court concludes, based on its review of the entire record, that it is reasonably probable that the trial court would have reached a result more favorable to the appellant absent the error." (*Jones v. Farmers Ins. Exchange* (2013) 221 Cal.App.4th 986, 999.) Given the strong evidence of a course of harassing conduct, we do not believe it is reasonably probable the trial court would have reached a different decision without its assumption that defendant admitted cutting the hinges and leaving the gate to fall on plaintiff. There was testimony from others that the gate fell on plaintiff and the hinges had been cut. Defendant admitted he removed the gate, although he contended he left it leaning against the fence several feet away from its original location. Moreover, there was substantial evidence of other harassing conduct. We conclude defendant has not carried his burden of establishing the error was prejudicial.

B.      Substantial Emotional Distress

---

**5**      We decline to consider defendant's argument that his conduct had a legitimate purpose because he was abating a private nuisance. Defendant did not raise this issue in the trial court. Generally, issues not raised in the trial court proceedings are forfeited. (*Woodridge Escondido Property Owners Assn. v. Nielsen* (2005) 130 Cal.App.4th 559, 574.)

Defendant contends the evidence that plaintiff suffered physical injury as a result of the gate falling on her was insufficient because it did not include medical records proving the injury. Medical records are not necessary to prove the injury; there was substantial evidence plaintiff was injured by the falling gate. Further, physical injury is not required in order to issue an injunction against harassment under section 527.6. The statute requires only a course of conduct that "would cause a reasonable person to suffer substantial emotional distress," and that did "actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).) Plaintiff need not directly testify to her emotional distress; the trial court may infer it from the nature of the harassing conduct and plaintiff's demeanor while testifying. (*Ensworth v. Mullvain* (1990) 224 Cal.App.3d 1105, 1110-1111 (*Ensworth*).) Witnesses testified to plaintiff's fear of defendant and their own concern for her safety, and the trial court was able to observe her during her testimony. Substantial evidence supported the trial court's implied finding that plaintiff suffered substantial emotional distress as a result of defendant's harassing conduct.

C.      Likelihood of Future Acts of Harassment

"[T]he express codified purpose of a prohibitory injunction is to prevent future harm to the applicant by ordering the defendant to refrain from doing a particular act.… 'Thus, to authorize the issuance of an injunction, it must appear with reasonable certainty that the wrongful acts will be continued or repeated.'" (*Scripps Health v. Marin* (1999) 72 Cal.App.4th 324, 332-333 (*Scripps Health*).) Defendant contends the trial court failed to make a finding that his harassing conduct was likely to continue or be repeated.

Section 527.6 does not require the trial court to issue a statement of decision setting forth its findings of fact. (*Ensworth*, *supra*, 224 Cal.App.3d at p. 1112.) An express finding that defendant's conduct was reasonably certain to continue was unnecessary. A reasonable construction of section 527.6 requires "the applicant to establish a course of conduct giving rise to a threat of future harm necessitating injunctive relief. In other words, the course of conduct must be ongoing at the time the injunction is

10.

sought, as a single incident of harassment does not constitute a course of conduct entitling the applicant to injunctive relief." (*Scripps Health*, *supra*, 72 Cal.App.4th at p. 333.) It is the ongoing nature of the defendant's conduct that supports a conclusion the conduct will likely continue in the future.

The evidence indicated defendant's course of conduct was ongoing until shortly before the temporary restraining order was issued. Defendant has not directed us to any evidence in the record indicating his harassing conduct ceased for any reason other than issuance of the restraining order. The continuing nature of the conduct, stretching over a period of months, supports the implied finding that the conduct was reasonably certain to continue in the future, absent restraint. The implied finding is supported by substantial evidence.

V.      INJUNCTION PROTECTING JUAN BANDA

Section 527.6, subdivision (c), provides: "In the discretion of the court, on a showing of good cause, a temporary restraining order or injunction issued under this section may include other named family or household members." The injunction entered by the trial court listed plaintiff's sons, Martin and Juan, as additional protected persons. Martin was a minor, who lived with plaintiff. Juan was an adult who did not live on the property with her. Defendant contends Juan should not have been added as a protected person because he is an adult, he was involved in a single incident with defendant, and he "must seek his own restraining order if he feels harassed."

The statute authorizes the court to protect family members of the plaintiff. It does not limit that protection to minor members of the family. The incidents of harassment involving Juan and Martin suggest that defendant is willing to extend his harassment to any family member of plaintiff who attempts to interfere with his harassing activities. Defendant threatened Juan when Juan attempted to remove the container defendant placed blocking the driveway to plaintiff's home and business. Defendant assaulted Martin when Martin tried to cut off the lock defendant placed on the front gate. Under

11.

these circumstances, defendant has not demonstrated any abuse of discretion by the trial court in including Juan as a protected person in the injunction.

VI.     ATTORNEY FEES

"Appellate briefs must provide argument and legal authority for the positions taken.  'When an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.  [Citations.]'" (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)  Although defendant filed a notice of appeal indicating he was appealing from the order awarding plaintiff attorney fees as the prevailing party, and his opening brief indicates he is seeking to have that order reversed as part of the relief he seeks in this appeal, he has not included any substantive argument, with citation to the record and to appropriate legal authorities, in support of that request.  He has not made any showing that plaintiff was not legally entitled to an award of attorney fees, nor has he demonstrated the trial court abused its discretion by awarding excessive fees.  No prejudicial error has been established.

**DISPOSITION**

The order is affirmed.  Plaintiff is entitled to her costs on appeal.

_____

FRANSON, J.

WE CONCUR:


_____

LEVY, Acting P.J.


_____

KANE, J.

12.