Filed 2/23/24  Gabato v. Fung CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LARA GABATO,<br><br>  Plaintiff and Respondent,<br><br>v.<br><br>DELFINA FUNG,<br><br>  Defendant and Appellant. | A165222/A166005<br><br>(Contra Costa County Super. Ct. No. N220199) |

Contrary to popular wisdom, good fences do not always make good neighbors.  Here, finding a fence alone was not enough, the court issued Lara Gabato's request for a civil harassment restraining order against her neighbor, appellant Delfina Fung, and denied Fung's application for a similar order against Gabato.  We affirm both orders and a subsequent order awarding Gabato her attorney fees.

## BACKGROUND

The parties have been neighbors since Gabato moved into the house next door to Fung's some 13 years ago.  In March 2022, Fung petitioned for a civil harassment restraining order, alleging Gabato had assaulted and harassed her.  Her supporting statement described a March 17 episode in which Gabato threw trash into her yard over the fence separating their properties, screamed at her, and called her names.  Fung told Gabato "that she needs to trim her overgrown vegetation down to the fence

1

level as I am not her slave and should not be expected to clean her nuisance debris on an ongoing basis." Gabato became aggressive, screaming and throwing trash, leaves, tree branches, paper towels, and weeds over the fence at Fung.

Fung also described other encounters with Gabato over the years. According to her narrative, in August 2020 Gabato assaulted and harassed her by throwing wet paper towels over the fence at her and shouting curses and insults. Fung reported this to the preschool where Gabato taught because "there is a 'fitness' issue/concern as to whether she should be entrusted to be with young children." Earlier, in 2016 and again in 2017, Gabato sprayed her garden hose at and over the fence while Fung was in her own yard, continuing even after Fung told her she was there. Between 2017 and 2022, Gabato made three false police reports about Fung harassing her and throwing trash onto her yard. Gabato also damaged Fung's fence by spraying water on it and hung "various trash items" on her house across from Fung's kitchen window.

In response, Gabato cross-petitioned for a civil harassment restraining order against Fung. Her petition recounted a markedly different version of events, depicting a years-long history of bizarre and intrusive harassment by Fung that included threats, loud tirades, irrational accusations, and vandalism. Fung would go outside to berate and scream at Gabato over arbitrary and irrational matters; pointed security cameras at Gabato's home and yard; pointed bright lights into her home that kept her family from sleeping; stalked her workplace and sent her employer false accusations of unfitness; threw trash into her yard in the middle of the night and early morning; posted a notice declaring " '[y]ou are trash' " in Chinese on Gabato's side of the fence; repeatedly contacted the police department with unfounded, frivolous, and trivial complaints against her; ripped down a sensor and fence lights on Gabato's

2

property; ripped up her landscaping and harassed her gardeners; banged nails into the fence at odd hours or whenever Gabato and her daughter were in their yard; yelled at Gabato's daughter; and accused Gabato of being a bad parent. Fung was "generally unpleasant and a nuisance to the entire neighborhood," had harassed and attacked other neighbors without provocation, and had driven some of them from the neighborhood.

Gabato's supporting evidence included a four-page, single-spaced letter Fung sent to her employer in 2020 accusing her of having an "anger management issue," suggesting she had lied about her teaching credentials, and questioning her fitness as a teacher; the employer's response that Fung's allegations were unfounded; multiple emails from Gabato to her landlord regarding Fung's behavior; a video of Fung yelling at Gabato across the fence; photos that showed her throwing trash into Gabato's yard; the "You are trash" notice posted on the fence; and another neighbor's letter describing similar interactions with Fung over the years.

The petitions were heard together. The day before the hearing, Fung submitted an amended petition adding allegations about Gabato harassing her by, among other means, parking her car where it partly blocked Fung's driveway and her gardeners blowing debris onto her yard and sidewalk. Fung also complained that Gabato's family members or visitors had given her "mean and angry" looks, left their cars running idle in front of her house, driven part way onto her driveway, and grew, smoked, and dealt marijuana; moreover, Gabato slandered Fung to other neighbors, who "ganged up against" her. According to Fung, Gabato and her family had subjected her to hate crimes, sexual harassment, and senior abuse. She appended numerous exhibits, including packets of photos depicting what she described

as Gabato's harassment and vandalism;[1] her multiple police reports about Gabato; and her correspondence with Gabato's employer.

Both parties testified at the hearing and answered multiple questions from the presiding commissioner. Gabato played a video of Fung throwing debris over the fence, and another neighbor testified about seeing Fung repeatedly throw trash over the fence into Gabato's property and experiencing "unfortunate interactions" similar to Gabato's in which Fung screamed and cursed at her and her family.

After hearing the testimony, the commissioner denied Fung's request for a restraining order and granted Gabato's. Gabato successfully moved for $9,551 in attorney fees.

## DISCUSSION

Fung contends there was insufficient evidence to support the restraining order against her. We review the issuance of a restraining order for abuse of discretion, and the factual findings necessary to support it for substantial evidence. (*Parisi v. Mazzaferro* (2016) 5 Cal.App.5th 1219, 1226 , disapproved on another point in *Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1003 & fn. 4.) We consider all the evidence and inferences that may be drawn from it in the light most favorable to the prevailing party, deferring to the trial court's assessments of credibility and resolving all conflicts in support of its decision. (*Ibid.; ASP Properties Group, L.P. v. Fard, Inc.* (2005) 133 Cal.App.4th 1257, 1266 (*ASP Properties*).) We affirm if the record contains any evidence, contradicted or uncontradicted, from which a trier of fact could reasonably make the challenged ruling. (*ASP Properties, supra,* at p. 1266.)

---

[1] Quite a number of these merely depict leaves scattered on the ground.

4

The challenged restraining order was issued pursuant to Code of Civil Procedure section 527.6, which provides an expedited procedure for preventing harassment for individuals who have suffered "substantial emotional distress" caused by conduct that "serves no legitimate purpose."[2] (Code Civ. Proc., § 527.6, subd. (b)(3); *Byers v. Cathcart* (1997) 57 Cal.App.4th 805, 811.) Fung contends Gabato's evidence was insufficient to prove either of those requirements. She is mistaken.

We turn first to the emotional distress requirement. In this context, " 'substantial emotional distress' " is defined as "highly unpleasant mental suffering or anguish 'from socially unacceptable conduct' [citation], which entails such intense, enduring and nontrivial emotional distress that 'no reasonable [person] in a civilized society should be expected to endure it.' " (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762-763.) That standard was surely met here. Gabato submitted a sworn statement that Fung's worsening behavior made her "very fearful" for her family's safety. She feared Fung's escalating irrationality and anger would "result in physical harm in addition to the emotional harm and damage to my property that I am already experiencing." Her family experienced constant anxiety about what Fung would do next, leaving her unable to enjoy or feel safe in her home and "physically sick and emotionally drained." This was ample evidence that Gabato suffered substantial emotional distress, as would any reasonable

---

[2] The statute defines " '[h]arassment' " as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (Code Civ. Proc., § 527.6, subd. (b)(3).)

person subjected to the harassment established by her evidentiary showing.

Fung also contends her behavior could not support a restraining order because she was merely trying to enforce a settlement she had previously reached with Gabato's landlord regarding the fence line and adjacent plantings—in her view, a "legitimate purpose" for purposes of Code of Civil Procedure, section 527.6, subdivision (b)(3). The contention fails for several reasons.

First, Fung cites no evidence (and our review of the record discloses none) to support this claim—not even the purported agreement, which she did not introduce below and is therefore not part of the appellate record. In any event, even assuming the record contained adequate evidence about the purported settlement, the trial court could reasonably conclude Fung's harassing and often bizarre behavior – including writing Gabato's employer to accuse her of unfitness for her work and ripping down her security cameras and lights – had nothing to do with it. (See *ASP Properties, supra,* 133 Cal.App.4th at p. 1266 [" 'if two or more different inferences can reasonably be drawn from the evidence this court is without power to substitute its own inferences or deductions for those of the trier of fact' "].) Indeed, it is hard to conceive how those actions might serve any legitimate purpose. More fundamentally, substantial evidence supports the court's ruling for Gabato; accordingly, Fung's reliance on what she views as contradictory evidence is immaterial. (*Ibid.*)

Our conclusion that substantial evidence supports Gabato's restraining order also disposes of Fung's contention that the evidence compelled the court to grant her petition for a

6

restraining order against Gabato as a matter of law.[3]  An appellant can prevail on such a claim only if her evidence " 'was (1) "uncontradicted and unimpeached" and (2) "of such a character and weight as to leave no room for a judicial determination that it was insufficient to support a finding." ' " (*St. Mary & St. John Coptic Orthodox Church v. SBC Ins. Services, Inc.* (2020) 57 Cal.App.5th 817, 829.)  Fung has established neither prong.

We do not address Fung's challenge to the attorney fee award, since it is premised entirely on the supposition that she would prevail on her merits appeal.

## DISPOSITION

The trial court's orders are affirmed.  Gabato is entitled to her costs on appeal.  (Cal. Rules of Court, rules 8.278(a)(1), (a)(2).)


BURNS, J.

WE CONCUR:


SIMONS, ACTING P.J.
CHOU, J.

*Gabato v. Fung* (A165222/A166005)

---

[3] We assume without deciding that the court's denial of Fung's petition is properly before this court.

7