Filed 10/23/24  Ojai Valley Inn and Spa v. Samaguey CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| OJAI VALLEY INN AND SPA,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE ARROYO SAMAGUEY,<br><br>    Defendant and Appellant. | 2d Civil No. B333281<br>(Super. Ct. No. 56-2022-00570154-CU-PT-VTA)<br>(Ventura County) |

Appellant Jorge Arroyo Samaguey appeals from the order granting a workplace violence restraining order requested by respondent Ojai Valley Inn and Spa (the Inn).  He contends the trial court denied him due process by denying his pretrial discovery request and making other evidentiary rulings.  He also contends the restraining order was not supported by substantial evidence.  We affirm.

## FACTS AND PROCEDURAL HISTORY
### *Restraining order petition*

In 2022, Antonio Avalos, one of the Inn's maintenance employees, was working on the Inn's golf course. Avalos complained to his supervisor that Samaguey was "not doing his duties." The supervisor informed Samaguey of the complaint. Samaguey confronted Avalos and was angry, cursed at Avalos, and threatened to shoot him after work. A coworker, Luis Becerra, declared that he witnessed Samaguey cursing at and threatening to shoot Avalos. Then-assistant human resources director, Vanessa Jimenez, declared that Avalos reported Samaguey's threatening conduct to her and the Inn investigated the report. After the investigation, the Inn terminated Samaguey's employment. Samaguey denied threatening Avalos.

The Inn petitioned for a workplace violence restraining order and attached the declarations of Avalos, Becerra, and Jimenez in support of its petition. The court granted a temporary restraining order and scheduled an evidentiary hearing.

### *Discovery request*

Samaguey served the Inn with a notice of deposition of Jimenez. The court and the Inn advised Samaguey there was no discovery allowed in restraining order proceedings pursuant to Code of Civil Procedure[1] section 527.8. However, Samaguey did not withdraw the notice for deposition. The Inn filed an objection. Samaguey filed a motion to compel the deposition.

The trial court denied Samaguey's motion to compel, finding no statutory provision allowing discovery in civil harassment restraining order proceedings. Samaguey petitioned

---

[1] Further unspecified statutory references are to the Code of Civil Procedure.

for a writ of mandate in this court, seeking an order vacating the denial of his motion to compel. We summarily denied the petition. The trial court later granted the Inn's request for $4,450 in sanctions pursuant to section 2023.030, subdivision (a).

*Evidentiary hearing*

The trial court held an evidentiary hearing over the course of two days with both parties represented by counsel. The Inn's witnesses included Avalos, two of the Inn's human resources employees, and the Inn's director of golf and membership. Samaguey's witnesses included himself and another Inn employee. The court admitted the declarations of Avalos, Jimenez, and Becerra, which were the same declarations attached to the petition. Samaguey did not object to their admission. Jimenez and Becerra did not testify at the hearing, and they were not subpoenaed by the parties.

At the conclusion of the hearing, the trial court granted the permanent workplace violence restraining order, finding "there was a credible threat of violence made by Mr. Samaguey against Mr. Avalos." The court resolved conflicts of evidence against Samaguey. It also found that Samaguey "was not being truthful."

The restraining order expires in September 2025, protects Avalos and Becerra, and orders Samaguey to stay away from them and the Inn.

## DISCUSSION

*Discovery ruling*

Samaguey contends the trial court deprived him "due process" by denying his pretrial discovery request for the deposition of Jimenez. We disagree.

3

Litigants do not have a pretrial discovery right in workplace violence restraining proceedings under section 527.8 because the expedited nature of such proceedings leaves "insufficient time in which to conduct discovery. [Citation.]" (*Thomas v. Quintero* (2005) 126 Cal.App.4th 635, 650, fn. 11 (*Thomas*); compare *Byers v. Cathcart* (1997) 57 Cal.App.4th 805, 811 (*Byers*) [civil harassment restraining orders under § 527.6 provides a quick and truncated procedure that is in contrast to normal injunctive procedures which allow time for research and discovery]; *CSV Hospital Management, LLC v. Lucas* (2022) 84 Cal.App.5th 117, 122 (*CSV*) [proceedings under § 527.8 parallel those under § 527.6, which are procedurally truncated, expedited, and intended to provide quick relief to victims of civil harassment].) Allowing pretrial discovery would be inconsistent with the purpose of the expedited process, which is to allow the victim of harassment quick relief and protection.

Samaguey argues the Civil Discovery Act (§ 2016.010 et seq.) permits discovery in all cases, including workplace violence restraining order proceedings, absent a statute to the contrary. He cites to the recent enactment of Family Code section 6309, which states a court may grant a request for discovery in domestic violence cases "only upon a showing of good cause." (Fam. Code, § 6309, subd. (c)(1).) He argues that had the Legislature intended to limit discovery in civil harassment proceedings, it would have expressly done so; "[o]therwise, there would be no need to make a separate statute under the [F]amily [C]ode." We are not persuaded.

Family Code section 6309 involves domestic violence restraining orders under a different statutory code enacted with the goal of protecting domestic violence survivors without delay.

4

Nothing about the enactment of Family Code section 6309 suggests that, except for domestic violence restraining orders, all other civil restraining order proceedings allow for discovery. Rather, existing caselaw supports there is no right to pretrial discovery for expedited proceedings under section 527.8. (See *Thomas*, *supra*, 126 Cal.App.4th at p. 650, fn.11; *Byers*, *supra*, 57 Cal.App.4th at p. 811.) Samaguey has not cited any authority to the contrary.

*Admission of hearsay evidence*

Samaguey contends the trial court erred in admitting "unlimited hearsay" evidence. The Inn argues Samaguey forfeited this contention because he did not object to the Inn's evidence. The record reflects that Samaguey either stipulated to or withdrew his objection to much of the Inn's hearsay evidence. Specifically, Samaguey withdrew his objection to a police report (Inn's exhibit 1), an email from Jimenez to other human resources employees (exhibit 5), an email from a human resources employee summarizing her conversation with Samaguey (exhibit 7), and notes taken by a human resources employee during Samaguey's termination conversation (exhibit 11). Samaguey also did not object to the declarations of Jimenez, Becerra, and Avalos (exhibits 2-4) and timekeeping records (exhibit 12).

Because Samaguey did not object on due process grounds to this hearsay evidence, we conclude he has forfeited the argument. (See *San Diego Police Dept. v. Geoffrey S.* (2022) 86 Cal.App.5th 550, 574 (*Geoffrey S.*).)

Forfeiture aside, we reject Samaguey's contention that the admission of hearsay evidence violated his due process rights. The admission of hearsay evidence is not a violation of due

5

process per se, particularly when the defendant had the opportunity to subpoena the hearsay declarant but does not do so. (*In re Lucero L.* (2000) 22 Cal.4th 1227, 1243-1244; *Geoffrey S.*, *supra*, 86 Cal.App.5th at p. 575.)  We review rulings on the admissibility of hearsay for abuse of discretion.  (*People v. Waidla* (2000) 22 Cal.4th 690, 725.)

Section 527.8, subdivision (j) provides that at the evidentiary hearing, the trial court "shall receive *any testimony that is relevant* and may make an independent inquiry."  (Italics added.)  "The plain language of this provision suggests that the Legislature intended to permit a trial court to consider *all* relevant evidence, including hearsay evidence, when deciding whether to issue an injunction to prevent workplace violence pursuant to section 527.8."  (*Kaiser Foundation Hospitals v. Wilson* (2011) 201 Cal.App.4th 550, 557 (*Kaiser*).)  "The language that the Legislature used reflects an intention to give trial courts wide latitude in determining what evidence to credit when considering a request for an order to protect employees from workplace violence.  Hearsay evidence clearly may be relevant, and if hearsay evidence *is* relevant, section 527.8 requires that the court receive it."  (*Id.* at p. 558.)

Here, the trial court did not abuse its discretion because the hearsay evidence is relevant and admissible pursuant to section 527.8.  (*Kaiser*, *supra*, 201 Cal.App.4th at pp. 557-558.)  The evidence is relevant to whether Avalos "suffered unlawful violence or a credible threat of violence from" Samaguey. (§ 527.8, subd. (a).)  The court also indicated it was aware of the inherent unreliability of hearsay evidence, and it repeatedly indicated it was "not going [to give] much" weight to such evidence.  (*Kaiser*, at p. 557 [trial judges are "particularly aware

6

of potential unreliability of hearsay evidence, and are likely to keep this in mind when weighing all of the evidence presented"].) Samaguey does not demonstrate reversible error in the admission of the hearsay evidence.[2]

*Character evidence*

Samaguey contends the trial court erred in denying his request to introduce character evidence, including character witnesses and evidence of his work habits. (Evid. Code, § 1101.) We conclude the contention is forfeited.

Samaguey did not make an offer of proof by providing the names of his proposed character witnesses nor describe in detail the content of their proposed testimony. An offer of proof must be specific in its indication of the purpose of the testimony, the witness's name, and the content of the answer to be elicited. An offer of proof may be rejected if it is general or vague and does not specify the evidence to be presented. (*Semsch v. Henry Mayo Newhall Memorial Hospital* (1985) 171 Cal.App.3d 162, 167-168.) "Failure to make an adequate offer of proof precludes consideration of the alleged error on appeal." (*In re Mark C.* (1992) 7 Cal.App.4th 433, 444.)

Even if Samaguey made an adequate offer of proof, we conclude the trial court did not err. "[E]vidence of a person's character or a trait of his or her character (whether in the form of

---

[2] We reject Samaguey's claim that he was deprived of a fair hearing because he did not receive the Inn's exhibit or witness lists prior to the hearing. Because Samaguey did not raise this objection below, we conclude it is forfeited. And because he does not cite to any legal authority, we treat the argument as waived. (*Ellenberger v. Espinosa* (1994) 30 Cal.App.4th 943, 948.)

an opinion, evidence of reputation, or evidence of specific instances of his or her conduct) is inadmissible when offered to prove his or her conduct on a specified occasion." (Evid. Code, § 1101, subd. (a).) We review the trial court's decision to admit or exclude evidence under Evidence Code section 1101 for abuse of discretion. (*People v. Thomas* (2023) 14 Cal.5th 327, 358.)

There was no abuse of discretion here when the trial court concluded Samaguey's proposed character evidence was inadmissible under Evidence Code section 1101, subdivision (a). The character evidence included Samaguey's good work reviews and the testimony of coworkers, who would "testify to his character." But such character evidence is prohibited under Evidence Code section 1101, subdivision (a). To the extent Samaguey argues this evidence was admissible under subdivision (c) to support his credibility, we will not consider this argument because it was raised for the first time on appeal. (*Nordstrom Com. Cases* (2010) 186 Cal.App.4th 576, 583.)

*Substantial evidence*

Samaguey contends there was insufficient evidence to support the restraining order. We disagree.

"To obtain a workplace violence restraining order, an employer must prove its employee has suffered unlawful violence or a credible threat of violence from an individual in the workplace. (§ 527.8, subds. (a), (e).) The employer 'must establish by clear and convincing evidence not only that [the individual] engaged in unlawful violence or made credible threats of violence, but also that great or irreparable harm would result to an employee if a prohibitory injunction were not issued due to the reasonable probability unlawful violence will occur in the future.' [Citation.]" (*CSV, supra*, 84 Cal.App.5th at p. 122.) We

8

review the order for substantial evidence, resolving all factual conflicts and issues of credibility in favor of the prevailing party and drawing all reasonable inferences in support of the judgment. (*Id.* at p. 123.) We also do not reweigh credibility.

We conclude substantial evidence supports the trial court's ruling. Avalos testified that Samaguey insulted him and wanted to fight. Samaguey told him he had a gun in his car and was going to use it. Other witnesses and evidence corroborated Avalos's testimony. The court resolved conflicts of evidence against Samaguey and found that he "was not being truthful." It also found there was a "reasonable probability that something might happen in the future but for a restraining order," given that it was a "small community" and it appeared the "situation hasn't been resolved yet."

We also reject Samaguey's claim that the trial court shifted the burden of proof onto him or placed too much weight on "weaker and less satisfactory evidence" because the record does not support it.

*Discovery sanctions*

Samaguey also contends the discovery sanctions award should be reversed. We again disagree.

"The court may impose a monetary sanction ordering that one engaging in the misuse of the discovery process . . . pay the reasonable expenses, including attorney's fees, incurred by anyone as a result of that conduct." (§ 2023.030, subd. (a).) A trial court has broad discretion in imposing discovery sanctions, and its order will not be reversed in the absence of a manifest abuse of discretion that exceeds the bounds of reason. (*Pratt v. Union Pacific Railroad Co.* (2008) 168 Cal.App.4th 165, 183.)

Samaguey does not demonstrate the trial court abused its

discretion in awarding $4,450 in sanctions to the Inn.  As the trial court explained, Samaguey was advised by the Inn and the court that there was "no legal authority that allows the taking of a deposition in a workplace violence [restraining order] proceeding."  Nonetheless, Samaguey pursued a motion to compel which resulted in the Inn incurring expenses to defend the motion.  We will not disturb the sanctions order.

DISPOSITION

The judgment is affirmed.  Respondent shall recover costs on appeal.

NOT TO BE PUBLISHED.

BALTODANO, J.

We concur:

GILBERT, P. J.

YEGAN, J.

10

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

Laurie Peters & Associates and Laurie Peters for Defendant and Appellant.

Folger Levin, Andrew J. Davis and Sherri M. Hansen for Plaintiff and Respondent.