[No. A121940. First Dist., Div. Four. Mar. 25, 2009.]

JACQUELINE KRUG, Plaintiff and Appellant, v.
MICHAEL MASCHMEIER, Defendant and Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of parts III.B. and III.C.

---

COUNSEL

Stewart & Musell and Wendy Ellen Musell for Plaintiff and Appellant.

Angelo, Kilday & Kilduff and John Scott Smith for Defendant and Respondent.

---

OPINION

RUVOLO, P. J.—

## I. INTRODUCTION

In 1978, the California Legislature enacted a statute permitting persons who are victims of specified types of harassment to seek injunctive relief against the harassing party. The statute has always provided that the trial court may award attorney fees to the prevailing party in an action brought under the statute. In the more than 30 years since the statute's enactment, however, no published opinion has squarely decided the question whether a prevailing *defendant* in an action under the statute can recover attorney fees when the action, though unsuccessful, was neither frivolous nor brought in bad faith.

 In the published portion of this opinion, we conclude that a prevailing defendant can recover attorney fees in an action for injunctive relief against harassment, even if the action was brought in good faith and is not frivolous, if the trial court decides in its discretion to award such fees. As we discuss in the unpublished portion of this opinion, we find no abuse of that discretion in the trial court's order in the present case. We therefore affirm.

## II. FACTS AND PROCEDURAL BACKGROUND

Appellant Jacqueline Krug and respondent Michael Maschmeier are (or at least were at all times relevant to this case) both wardens employed by

California's Department of Fish and Game (the Department).[1] In late June 1999, Maschmeier told Krug that people who had interfered with him had died, and that he had made it appear that the death was accidental. Krug interpreted this statement as a threat. Krug also believed that several remarks Maschmeier made to her were sexually offensive, that he blocked or impeded her movements on some occasions, and that he touched her inappropriately. At some point, apparently as a result of Krug's concerns about Maschmeier, the Department issued an order directing Maschmeier to stay away from Krug.

In late May 2007, Krug learned that the Department had lifted the stay-away order it had issued against Maschmeier. On July 19, 2007, Krug filed the proceeding from which this appeal arose, seeking injunctive relief against Maschmeier under Code of Civil Procedure section 527.6.[2]

A hearing on Krug's petition for a temporary restraining order was held on August 28 and 29, 2007.[3] At the hearing, Krug testified that Maschmeier had not consistently complied with the stay-away order issued by the Department. However, Krug admitted that Maschmeier had never made any threats to her directly; threatened her with a weapon; struck her; propositioned her sexually or asked her for a date; visited or sent her letters or e-mails at home; or followed her outside of work. Maschmeier moved to dismiss the petition at the close of Krug's evidence under section 581c, and the trial court granted the motion.

---

[1] Maschmeier's brief contends that this appeal should be dismissed due to Krug's failure to provide this court with an adequate record. The clerk's transcript originally filed with this court, on August 11, 2008, was indeed entirely inadequate. However, at the time Krug filed her opening brief in this appeal, on September 9, 2008, her earlier appeal from the trial court's order on the merits was still pending. (*Krug v. Maschmeier* (A120146, app. voluntarily dism. Sept. 16, 2008).) Thus, at that time, the record on the merits appeal, which was far more complete, was still before this court. Under California Rules of Court, rule 8.147(a)(1), that record was applicable to both appeals. Moreover, on October 14, 2008—almost two weeks before Maschmeier's respondent's brief was filed—this court received a supplemental clerk's transcript that includes sufficient material from the trial court record to permit us to decide the issues presented on this appeal.

Under the circumstances, we have exercised our discretion to address this appeal on the merits, despite the gaps in the record. Our recital of the background facts includes only facts that are supported by the record provided to us, supplemented by facts that appear from the parties' briefs to be entirely undisputed (such as the fact that Krug and Maschmeier both worked for the Department). We admonish both parties' counsel, in the future, to adhere strictly to the rules governing the composition on the record on appeal, and to the requirement that statements of fact in appellate briefs must be supported with citations to the record. (See Cal. Rules of Court, rules 8.120, 8.122, 8.204(a)(1)(C).)

[2] All further statutory references are to the Code of Civil Procedure unless otherwise noted.

[3] Portions of the reporter's transcript of this hearing were filed as an exhibit to a motion in the trial court, and are included in the supplemental clerk's transcript filed as part of the record on this appeal.

On November 8, 2007, Maschmeier moved for his attorney fees and costs. His motion sought a total of $24,414.35 for fees and costs together. Krug opposed the motion on the grounds that her action under section 527.6 was not frivolous; that Maschmeier was entitled to be indemnified for his fees by the Department; and that some of the attorney time for which Maschmeier sought to recover was not properly chargeable to the defense of the section 527.6 action. Krug also argued that Maschmeier's charges for costs were unsupported, but did not file a separate motion to tax costs.

On April 22, 2008, the trial court filed a five-page order (the Fee Order) granting Maschmeier's motion, but reducing the amount of fees and costs awarded to the total sum of $15,000. This timely appeal ensued.[4]

## III. DISCUSSION

### A. Discretion to Award Attorney Fees to Prevailing Defendant

Krug's principal argument on appeal is that the trial court erred in rejecting her argument that attorney fees under section 527.6, subdivision (i) (section 527.6(i))[5] may be awarded to a prevailing *defendant* only if the action was filed frivolously or in bad faith. This is a question of law regarding the interpretation of a statute, as to which our review is de novo. (*Kreutzer v. City and County of San Francisco* (2008) 166 Cal.App.4th 306, 313 [82 Cal.Rptr.3d 644].)

As authority for her construction of section 527.6(i), Krug relies exclusively on *Siam v. Kizilbash* (2005) 130 Cal.App.4th 1563 [31 Cal.Rptr.3d 368] (*Siam*). In *Siam*, a father accused his ex-wife's boyfriend of abusing the couple's children, and filed an action against the boyfriend under section 527.6. The boyfriend then sued the father for, among other things, malicious

---

[4] As Maschmeier points out, Krug's opening brief does not include the statement of appealability required by California Rules of Court, rule 8.204(a)(2)(B). Nonetheless, it is clear that the Fee Order is appealable as a postjudgment order under section 904.1, subdivision (a)(2).

[5] Section 527.6(i) reads in its entirety as follows: "The prevailing party in any action brought under this section may be awarded court costs and attorney's fees, if any." This provision, formerly codified as section 527.6, subdivision (h), has been included in the statute since it was first enacted in 1978. (Stats. 1978, ch. 1307, § 2, pp. 4294–4295 [initially enacting § 527.6, with attorney fee provision in subd. (h)]; see also Stats. 1993, ch. 219, § 63.5, pp. 1581–1583 [inserting new subd. (f) and renumbering subd. (h) as subd. (i)].)

prosecution. The father filed a special motion to strike the boyfriend's complaint under the anti-SLAPP (strategic lawsuit against public participation) law, section 425.16. (130 Cal.App.4th at p. 1567.)

The *Siam* court held that, for public policy reasons, an unsuccessful action under section 527.6 cannot serve as the predicate for a cause of action for malicious prosecution. (*Siam, supra,* 130 Cal.App.4th at pp. 1571–1574.) In the course of explaining its reasoning for this holding, the *Siam* court noted that "just as in family law matters, section 527.6 provides for attorney fees as sanctions for a frivolous petition." (130 Cal.App.4th at p. 1573.)

We have no quarrel with the *Siam* court's holding with regard to malicious prosecution, or with the court's comment that section 527.6(i) permits a trial court to award attorney fees "as sanctions for a frivolous petition." (*Siam, supra,* 130 Cal.App.4th at p. 1573.) However, this dicta merely says that attorney fees are available as a sanction if the petition was frivolous or filed in bad faith. It does not say that these are the only circumstances under which a prevailing defendant may recover fees.

The other published opinions that have addressed the issue of attorney fee awards under section 527.6(i) also do not resolve the question presented by this appeal. *Byers v. Cathcart* (1997) 57 Cal.App.4th 805 [67 Cal.Rptr.2d 398] reversed one aspect of an injunction entered under section 527.6, holding that the enjoined party's act of parking a car along the side of a driveway that she had an easement to use did not constitute harassment within the meaning of the statute. (*Byers,* at pp. 810–812.) Both parties sought attorney fees on appeal under section 527.6(i). As to that issue, the court simply ruled that the enjoined party was the prevailing party on appeal, and remanded to the trial court for a determination as to the amount. (*Byers,* at pp. 812–813.) The court did not consider the issue whether the enjoined party had to show frivolousness or bad faith in order to be awarded fees. Accordingly, the case is not authority on that issue, one way or the other. (See *People v. Knoller* (2007) 41 Cal.4th 139, 154–155 [59 Cal.Rptr.3d 157, 158 P.3d 731]; *Santisas v. Goodin* (1998) 17 Cal.4th 599, 620 [71 Cal.Rptr.2d 830, 951 P.2d 399] ["An appellate decision is not authority for everything said in the court's opinion but only 'for the points actually involved and actually decided.' "].)

In *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770 [27 Cal.Rptr.2d 32], the plaintiff in an action under section 527.6 appealed from an attorney fee award to the prevailing defendant, arguing that she (the plaintiff) had been deprived

of due process. The plaintiff had obtained an ex parte temporary restraining order (TRO), but then filed a request for dismissal with prejudice after the TRO expired. The defendant, a police officer, then sought attorney fees. On appeal, the plaintiff claimed that the expiration of the TRO, by its own terms, deprived the trial court of jurisdiction to make the fee award. The court disagreed. (21 Cal.App.4th at pp. 1774–1776.) The court also rejected the plaintiff's contention that since she had obtained a TRO, she was the prevailing party. Instead, the court applied the normal rule that when a plaintiff dismisses an action with prejudice, the defendant is considered the prevailing party. (*Id.* at pp. 1776–1777.) The plaintiff apparently did not make the argument that Krug makes here, and in any event, the opinion does not address the question.[6]

■ In interpreting section 527.6(i), as when construing any statute, "[o]ur task is to discern the Legislature's intent. The statutory language itself is the most reliable indicator, so we start with the statute's words, assigning them their usual and ordinary meanings, and construing them in context. If the words themselves are not ambiguous, we presume the Legislature meant what it said, and the statute's plain meaning governs. On the other hand, if the language allows more than one reasonable construction, we may look to such aids as the legislative history of the measure and maxims of statutory construction. In cases of uncertain meaning, we may also consider the consequences of a particular interpretation, including its impact on public policy." (*Wells v. One2One Learning Foundation* (2006) 39 Cal.4th 1164, 1190 [48 Cal.Rptr.3d 108, 141 P.3d 225].)

■ As already noted, section 527.6(i) states that the prevailing party "may" be awarded attorney fees. The normal rule of statutory construction is that when the Legislature provides that a court or other decisionmaking body "may" do an act, the statute is permissive, and grants discretion to the decision maker. (See, e.g., *Lewis v. Clarke* (2003) 108 Cal.App.4th 563, 569 [133 Cal.Rptr.2d 749]; *Woodbury v. Brown-Dempsey* (2003) 108 Cal.App.4th 421, 433 [134 Cal.Rptr.2d 124].) Appellant has not convinced us, through statutory analysis or legislative history, that a different rule of construction should apply to section 527.6(i). ■ Accordingly, we conclude that the decision whether to award attorney fees to a prevailing party—plaintiff or defendant—under section 527.6(i) is a matter committed to the discretion of the trial court.

---

[6] The only other published California appellate opinion on section 527.6(i) of which we are aware is *Elster v. Friedman* (1989) 211 Cal.App.3d 1439 [260 Cal.Rptr. 148]. In that case, both parties stipulated to a mutual restraining order, and the sole issue on appeal was whether one of them was the prevailing party. It is therefore inapposite. As neither party has cited it, we see no need to discuss it in detail here.

■ Our conclusion is bolstered by another canon of statutory construction. It is well recognized that "[w]hen one part of a statute contains a term or provision, the omission of that term or provision from another part of the statute indicates the Legislature intended to convey a different meaning." (*Cornette v. Department of Transportation* (2001) 26 Cal.4th 63, 73 [109 Cal.Rptr.2d 1, 26 P.3d 332]; see, e.g., *In re Austin P.* (2004) 118 Cal.App.4th 1124, 1130 [13 Cal.Rptr.3d 616] ["We presume the Legislature intended the word 'custody' to have a different meaning from the words 'place' and 'placement.' "].) Similarly, " '[w]here a statute referring to one subject contains a critical word or phrase, omission of that word or phrase from a similar statute on the same subject generally shows a different legislative intent.' " (*Romano v. Mercury Ins. Co.* (2005) 128 Cal.App.4th 1333, 1343 [27 Cal.Rptr.3d 784], quoting *Craven v. Crout* (1985) 163 Cal.App.3d 779, 783 [209 Cal.Rptr. 649].)

As Maschmeier points out, there are numerous so-called "sanctions statutes" in which the Legislature has explicitly limited the recovery of attorney fees to those instances where a party's conduct was frivolous or in bad faith.[7] The failure of the Legislature to spell out a similar limitation on the recovery of attorney fees by prevailing defendants in actions brought under section 527.6, when examined in light of the frequency with which the Legislature has expressly limited such recovery in numerous other statutes, leads inescapably to the conclusion that both plaintiffs and defendants in section 527.6 proceedings have an equal opportunity to recover their attorney fees, as well as costs, if they prevail.

**B., C.**[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[7] (See, e.g., Bus. & Prof. Code, § 809.9 ["the court shall . . . award to a substantially prevailing party the cost of the suit, including a reasonable attorney's fee, if the other party's conduct . . . was frivolous, unreasonable, without foundation, or in bad faith"]; Bus. & Prof. Code, § 14250, subd. (c)(3) ["Upon a showing that the person causing the seizure to occur acted in bad faith, expenses, including reasonable attorneys' fees expended in defending against the seizure," may be awarded]; Bus. & Prof. Code, § 16760, subd. (a)(3) ["The court may, in its discretion, award a reasonable attorney's fee to a prevailing defendant upon a finding that the Attorney General or district attorney has acted in bad faith, vexatiously, wantonly, or for oppressive reasons."]; Civ. Code, § 3333.5, subd. (d) ["The court may award reasonable costs of the suit, attorneys' fees, and the cost of any necessary expert witnesses to any prevailing defendant if the court finds that the plaintiff commenced or prosecuted the suit under this section in bad faith or solely for purposes of harassing the defendant."]; see also Code Civ. Proc., § 128.7.)

[*]See footnote, *ante*, page 796.

## IV. DISPOSITION

The order awarding Maschmeier his attorney fees and costs for the proceedings in the trial court is affirmed. Maschmeier is awarded his costs on this appeal.[8]

Sepulveda, J., and Rivera, J., concurred.

---

[8] Maschmeier has not requested an award of attorney fees on appeal. For that reason, and in the interests of justice, our award of costs on appeal does not include attorney fees.