Filed 7/16/24  Harlan v. Esparza CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| QUY KIM HARLAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>ELENA ESPARZA,<br><br>    Defendant and Respondent. | H051421<br>(Santa Clara County<br> Super. Ct. No. 22CH011196) |
| QUY KIM HARLAN,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>RICHARD ANTHONY ARCADIA<br>CAMPOS,<br><br>    Defendant and Respondent. | H051712<br>(Santa Clara County<br> Super. Ct. No. 22CH011206) |

This appeal arises from two separate requests for Civil Harassment Restraining Orders (CHROs) filed by Quy Kim Harlan against her neighbors, wife Elena Esparza and husband Richard Anthony Arcadia Campos (defendants).  After Harlan's requests for permanent CHROs were denied, defendants requested attorney's fees as prevailing

parties pursuant to Code of Civil Procedure section 527.6[1], subdivision (s).  Following a contested hearing, the trial court granted defendants' request in part and ordered that Harlan pay a total of $7,214 in reasonable attorney's fees to defendants.

Harlan now appeals the trial court's orders in both cases[2], arguing that the trial court abused its discretion by awarding fees without proper evidence of the nature and value of the services rendered.  Harlan also claims the amount ordered was excessive and unreasonable based on the amount of work actually done.  For the reasons set forth below, we find no abuse of discretion and affirm the trial court's orders.

## I.    FACTUAL AND PROCEDURAL BACKGROUND[3]

### A.  CHRO Action and Decision[4]

On October 27, 2022, Harlan requested CHROs against defendants based on allegations that they had engaged in harassment shortly after becoming her neighbors. The trial court granted Harlan's requests for temporary restraining orders.

On February 22, 2023, the trial court held a hearing on Harlan's CHRO requests. Following the hearing, the trial court denied the requests.

### B.  Motion for Attorney's Fees

#### 1.  Request for Fees and Opposition

On April 20, 2023, defendants filed identical motions for attorney's fees as prevailing parties in the CHRO actions pursuant to section 527.6, subdivision (s). Defendants argued that the court should exercise its discretion to award them fees because Harlan failed to prove harassment by clear and convincing evidence, and

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

[2] On our own motion, we will consider the cases together for purposes of decision.

[3] Because the record does not contain Harlan's original CHRO requests or the minute order reflecting the trial court's decision on the matter, we draw some of the information from the register of actions.

[4] As the underlying facts are not relevant to the question on appeal, we do not recount the factual background in detail.

2

defendants attempted to mitigate their fees by resolving the matter without litigation, but Harlan refused to do so.

As defendants were both represented by the same law firm, they requested a total of $8,741 in fees and costs. Defendants indicated this total represented the following amounts: (1) $5,917 for attorney-client meetings, preparing and filing responses to the CHRO requests, and appearing in court for hearings; (2) $1,324 for the drafting and finalizing of the motions for attorney's fees; and (3) an anticipated $1,500 in fees for filing, service, drafting a reply, and attending the hearing on the fee motions. Defendants' counsel indicated that his hourly rate, which was standard for junior associates of his firm, was $390, and the hourly rate for the managing attorney of the firm was $480.

In response, Harlan argued that the amount requested was "not proper and not reasonable" because defendants' counsel only provided a generalized breakdown of fees, instead of an exact breakdown of the specific tasks each attorney from the firm worked on and the amount of hours spent on each task. Harlan also argued that the amount requested was "clearly excessive" in light of the minimal complexity of the case, and claimed that defendants were attempting to "blame" Harlan by stating false and exaggerated information. Harlan therefore requested that the motion be denied in its entirety.

### 2. *Trial Court's Order*

On May 30, 2023, the trial court held a hearing on the motion and took the matter under submission.

On June 27, 2023, the trial court issued an order granting defendants' motion for attorney's fees in part. The trial court agreed that the defendants were entitled to fees as prevailing parties on the CHRO action pursuant to section 527.6, subdivision (s). In determining whether the fees requested were reasonable, the trial court relied on the

3

lodestar method[5] and found that the $390 and $480 hourly rates charged by defendants' counsel and the firm's managing attorney, respectively, were reasonable based on each attorney's level of experience and comparable to the hourly rates for similarly-situated attorneys in the local legal community. In applying the lodestar method, the court also found that the hours expended on the matter were "reasonable and commensurate with the nature of the proceedings," including pre-trial investigation and preparation, and attendance of a half-day trial. However, the court found that the request for $1,500 in anticipated fees for filing, serving, and arguing the instant motion was speculative and indicative of approximately 4 hours of work, which the court did not find reasonable. The court therefore adjusted the fees downwards and awarded defendants a total of $7,241.

Harlan timely appealed.

## II.    DISCUSSION

Harlan argues that the trial court's order was improper because it failed to address the deficiencies in defendants' motion, namely, the lack of "competent evidence" regarding the specific nature and value of services rendered. Harlan further argues that the trial court abused its discretion in finding that the amount requested was reasonable, based on the lack of evidence supporting this finding and the minimal complexity of the case.

Defendants did not file responsive briefs on appeal. Accordingly, this court may decide the appeal on the record, the opening brief, and any oral argument by the appellant. (Cal. Rules of Court, rule 8.220(a)(2).)

---

[5] This method begins with a determination of the lodestar, which is the number of hours reasonably expended multiplied by the reasonable hourly rate. This figure may be subsequently adjusted based on factors specific to the case. (*Pasternack v. McCullough* (2021) 65 Cal.App.5th 1050, 1055.)

### A. *Applicable Law and Standard of Review*

Section 527.6, subdivision (s) provides that the prevailing party in a CHRO action brought under this section may recover court costs and attorney fees, if any. The decision to award prevailing party fees under section 527.6 is not mandatory but "a matter committed to the discretion of the trial court." (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802.)

"[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate. 'California courts have consistently held that a computation of time spent on a case and the reasonable value of that time is fundamental to a determination of an appropriate attorneys' fee award.' [Citation.] The reasonable hourly rate is that prevailing in the community for similar work. [Citation.] The lodestar figure may then be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. [Citation.] Such an approach anchors the trial court's analysis to an objective determination of the value of the attorney's services, ensuring that the amount awarded is not arbitrary." (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal. 4th 1084, 1095.) Unless a statute specifically states otherwise, the lodestar method applies to a statutory award of attorney's fees. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1134–1136.)

" '[T]rial courts have broad discretion in determining the amount of a reasonable attorney's fee award. This determination is necessarily ad hoc and must be resolved on the particular circumstances of each case.' " (*Bernardi v. County of Monterey* (2008) 167 Cal.App.4th 1379, 1394 (*Bernardi*).) In exercising its discretion, the trial court may accordingly " 'consider all of the facts and the entire procedural history of the case in setting the amount of a reasonable attorney's fee award.' [Citation.] An attorney fees award ' "will not be overturned in the absence of a manifest abuse of discretion, a

prejudicial error of law, or necessary findings not supported by substantial evidence." ' " (*Ibid*.) In reviewing the trial court's exercise of its discretion, we also recognize that " '[t]he "experienced trial judge is the best judge of the value of professional services rendered in his [or her] court, and while his [or her] judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' " (*Ibid*.) Further, when reviewing attorney fee awards, an appellate court must " '[i]ndulg[e] all inferences in favor of the trial court's order . . . [and] presume the trial court's attorney fees award is correct.' " (*569 East County Boulevard LLC v. Backcountry Against the Dump, Inc*. (2016) 6 Cal.App.5th 426, 434, quoting *McKenzie v. Ford Motor Co*. (2015) 238 Cal.App.4th 695, 704.)

### B. Analysis

Harlan's primary argument focuses on the lack of specificity in defendants' motion regarding the number of hours expended on each of the identified tasks, the total hours worked, and which attorney performed the listed tasks. Harlan also notes that the motion did not contain a billing statement or any other attachments. Harlan contends that without these details, the motion was "devoid" of proper evidence regarding the nature and value of the services rendered, and the trial court similarly did not identify these details when granting the motion for fees.

In reviewing defendants' motion, we agree that it did not contain any information about the hours spent working on each of the listed activities, nor did it identify which attorney (defendants' counsel or the managing attorney) worked on tasks listed. However, because the motion provided a breakdown of the amount of fees incurred for each task, as well as billing rates, basic math would allow the trial court to determine the number of hours expended on each task. (See *Christian Research Institute v. Alnor* (2008) 165 Cal.App.4th 1315, 1323–1324 [noting that because basic math supported the trial court's computation of total fees under the lodestar method, it was of no import that the court did not identify the billable rate used in the computation].) Indeed, the trial

6

court's order reflects that it made these calculations, based on its statements that: (1) it found the hours expended for "pretrial investigation and preparation, and a half-day trial" reasonable and commensurate with the proceedings from "applying the lodestar method[;]" and (2) the amount of hours for the anticipated fees for filing, service, and arguing the motion was not reasonable as it was indicative of 4 hours of work.

Moreover, the court specified in its order that it found the hourly rates for defendants' counsel and the managing attorney to be reasonable when compared to rates for other attorneys of similar experience in the community performing comparable work. While Harlan contends that the motion did not contain information regarding defendants' counsel's or the managing attorney's experience, this does not prevent the trial court from determining whether the rates stated were reasonable, as the court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate. (*Heritage Pacific Financial*, *LLC v. Monroy* (2013) 215 Cal.App.4th 972, 1009.) Ultimately, "the trial court is in the best position to value the services rendered by the attorneys in his or her courtroom." (*Syers Properties III*, *Inc. v. Rankin* (2014) 226 Cal.App.4th 691, 702.) Accordingly, we find no abuse of discretion in the trial court's decision that the hourly rates provided in defendants' motion were reasonable based on rates for similarly-situated attorneys in the same legal community.

Turning to Harlan's claim that the fee award was "excessive" in light of the minimal complexity of the case, we find this contention without merit. In exercising its discretion, the trial court may " 'consider all of the facts and the entire procedural history of the case in setting the amount of a reasonable attorney's fee award.' [Citation.]" (*Bernardi*, *supra*, 167 Cal.App.4th at p. 1394.) Here, as discussed above, the trial court indicated that the hours expended to date on the case were reasonable, as they included pre-trial investigation and preparation, as well as attendance of a court hearing. Harlan fails to demonstrate that these tasks were not required, duplicative, or unnecessary to the

point where the fee award was "manifestly excessive under the circumstances."  (See *Children's Hospital & Medical Center v. Bontá* (2002) 97 Cal. App. 4th 740, 782.)

Finally, in the absence of evidence to the contrary, we presume that the trial court considered the relevant factors in reaching its final decision on the reasonableness of the fee request.  (*Downey Cares v. Downey Community Development Com.* (1987) 196 Cal.App.3d 983, 998 ["We are entitled to presume the trial court considered all the appropriate factors in choosing the multiplier and applying it to the whole lodestar"].)  Based on the trial court's statements reflecting its application of the lodestar method, we cannot say that the trial court's determination regarding the reasonableness of the fees, based on the lodestar method, was " ' "clearly wrong" ' [Citation.]"  (See *Bernardi*, *supra,* 167 Cal.App.4th at p. 1394.).  In conclusion, we find no abuse of discretion in the trial court's award of attorney's fees to defendants.

### III.    DISPOSITION

The trial court's orders for attorney's fees are affirmed in both cases.  Harlan shall bear her own costs on appeal.

_____
Wilson, J.

WE CONCUR:



_____
Greenwood, P. J.




_____
Bamattre-Manoukian, J.




Harlan v. Esparza; Harlan v. Campos
H051421; H051712

9