Filed 5/22/25  Michael D. v. Joseph S. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| MICHAEL D., | D081928 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2022-00017739-CU-HR-CTL) |
| JOSEPH S., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Christopher S. Morris, Judge.  Request for judicial notice denied.  Affirmed.

Joseph S. in pro. per., for Defendant and Appellant.

Noonan Lance Boyer & Banach, James R. Lance and Sara Gediman for Plaintiff and Respondent.

Following issuance of a civil harassment restraining order (CHRO) against defendant Joseph S. under Code of Civil Procedure section 527.6, the trial court exercised its statutory discretion to award attorney's fees to plaintiff Michael D.[1]  Joseph, representing himself on appeal, challenges both the basis for *any* award and the specific amount that Michael was permitted to recover.  Because we find no abuse of discretion by the trial court on either ground, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Michael, his wife, and their two children live in a house that sits below the house in which Joseph lived during the relevant time.  The property line ran between Joseph's side yard and Michael's backyard.  The combination of the properties' orientation and the absence of privacy barriers between the two houses enabled Joseph to see part of Michael's backyard from his side yard.

In June 2021, Joseph began harassing Michael and his family by "staring aggressively" at Michael's children while they were playing in their yard and taking videos of them.  Joseph's behavior escalated to include pointing cameras into Michael's backyard, yelling profanities toward Michael and his family, throwing rocks at their house, and making physical and verbal threats.  Joseph's conduct caused Michael to call the police three times between June 2021 and April 2022.

In May 2022, Michael filed a request for a CHRO under section 527.6 to prohibit Joseph from harassing, contacting, or getting too close to him and his family.  (§ 527.6, subds. (a)(1) & (c).)  Following a hearing in July 2022, the court issued a CHRO that will last until July 14, 2025.

---

[1]    Further undesignated statutory references are to the Code of Civil Procedure.

Michael subsequently sought to recover attorneys' fees under subdivision (s) of section 527.6, which gives a court discretion to award them to the party prevailing on a request for a CHRO. After remarking that it was "rare" for the court to award "attorney fees in a restraining order case," the judge reasoned that an award in this case was appropriate in part because Joseph continued to harass the Michael and his family even after the CHRO issued. During a hearing conducted in January 2023, the court awarded Michael $51,704 of the $58,881 in attorneys' fees he requested. This reduction resulted from the court's independent review of Michael's attorneys' billing statements, a step the court believed was necessitated by Joseph's failure to perform his own audit.[2] In March 2023, Joseph timely appealed from the postjudgment order.[3]

## DISCUSSION

A. ***The scope of this appeal does not include a review of the merits of the CHRO entered in this or any other case.***

In addition to determining the amount of attorney's fees Michael could recover during the January 2023 hearing, the court entertained two requests by Joseph. The first was his motion filed in October 2022 to reconsider the CHRO entered against him in July 2022. The court denied this motion as untimely under section 1008, which requires such a motion to be filed within

---

[2] During oral argument, Joseph claimed for the first time that he objected to specific line items in Michael's attorneys' billing entries. These alleged objections refer to one line item in each of six billing entries. Michael was billed $2,070 for these entries—each of which also contained at least one other line item that Joseph took no issue with.

[3] Although mislabeled a "judgment," the order granting Michael's motion for attorney's fees is properly appealable as a postjudgment order. (See § 904.1, subd. (a)(2).)

ten days of the entry of the challenged order. (§ 1008, subds. (a) & (e).) The second was his unsuccessful request for a CHRO against Michael, which Joseph filed in a separate action.

Joseph appears to believe we can review both of these additional adverse results as well as the court's award of attorney's fees. He is mistaken. To the extent he seeks our review of the denial of *his* unsuccessful request for a CHRO, jurisdiction is lacking because he brought that request in a case separate and apart from the one now before us.[4] Neither can we address Joseph's arguments concerning the CHRO entered *against him* in this case in July 2022. A CHRO is appealable because it is an order granting an injunction. (§ 904.1, subd. (a)(6); *R.D. v. P.M.* (2011) 202 Cal.App.4th 181, 187.) The latest possible deadline for Joseph to have filed his notice of appeal from the CHRO was 180 days after the order was entered. (Cal. Rules of Court, rule 8.104(a)(1) [stating deadlines of 60 and 180 days for appealing judgments], (e) [applying to appealable orders the deadlines for appealing judgments].) That deadline passed in January 2023, two months before Joseph filed his notice of appeal in this case. Thus, even if we were to construe Joseph's notice as also seeking appellate review of the CHRO, it would be untimely.[5] (See *Van Beurden Ins. Services, Inc. v. Customized Worldwide Ins. Agency, Inc.* (1997) 15 Cal.4th 51, 56 ["The time for appealing

[4]    Accordingly, we deny Michael's request for judicial notice of the docket in [*Joseph S. v. Michael D.*], which he identifies as the case initiated by Joseph to obtain a CHRO. (Super. Ct. San Diego County, 2022, No. 37-2022-00050247-CU-HR-CTL.)

[5]    To the extent a motion for reconsideration can sometimes extend the time for filing a notice of appeal (see Cal. Rules of Court, rule 8.108(e)), it must be a timely motion (*Branner v. Regents of University of California* (2009) 175 Cal.App.4th 1043, 1047) and, in any event, it cannot extend the deadline more than 180 days after entry of the appealable order.

[an appealable order] is jurisdictional; once the deadline expires, the appellate court has no power to entertain the appeal."]; see also Cal. Rules of Court, rule 8.104(e).)

**B.** *Attorney's Fees*

Having established what this appeal is *not* about, we now turn to the arguments that are properly before us—the propriety of the award of attorney's fees to Michael. Subdivision (s) of section 527.6 states that "[t]he prevailing party in an action brought pursuant to this section may be awarded costs and attorney's fees, if any." Because an award of attorney's fees is not mandatory under this statute, we review for abuse of discretion both (1) the court's decision that Michael is entitled to recover these fees (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802–803 (*Krug*)), and (2) the award amount (*People ex. Rel. Becerra v. Shine* (2020) 46 Cal.App.5th 288, 293 (*Shine*)). Trial judges have "broad authority to determine the amount of a reasonable fee[]" because they are best positioned to evaluate the professional services performed in their courtrooms. (*Ibid.*, internal quotation marks omitted.) Their judgment, although subject to review, "will not be disturbed unless the appellate court is convinced that it is clearly wrong." (*Ibid.*, internal quotation marks omitted.)

Against this backdrop, we can resolve both of Joseph's challenges to the award of attorney's fees in short order. He first contends that the court's decision to award fees to Michael was "procedurally and substantively flawed" because the court "deviate[d] significantly from established legal standards." Joseph, however, also recognizes that the only requirement

5

for a party to seek attorney's fees under section 527.6, subdivision (s) is that he or she prevailed, as Michael did.[6]

Joseph next takes issue with the amount of the award, claiming the court failed to recognize that Michael's attorneys inflated their bills by "excessive charges and procedural manipulations" meant to "escalat[e his] legal and financial burden." But Joseph does not identify any specific charges that he believes were excessive, which leaves us with his generic complaints about perceived overbilling. And even were we to assume that the line item charges Smith identified to the trial court were unreasonable (*ante*, at fn. 2), its independent scrutiny of Michael's fee request resulted in a significantly larger reduction than striking those items could have achieved. Particularly when considered in light of the deference we accord to a trial court in fashioning an award of attorney's fees, Joseph's complaints do not persuade us to second guess the court's judgment as to how much Michael may recover.

---

[6] In his opening brief, Joseph contended that Michael was not eligible to receive attorney's fees under section 527.6, subdivision (s) because the court did not make a finding of either frivolousness or bad faith on his part. In errata filed before oral argument, however, Joseph amended his brief to reflect the correct standard for eligibility to receive an award of attorney's fees under this statute.

## DISPOSITION

The order is affirmed.  Michael is awarded his costs on appeal.


DATO, J.

WE CONCUR:


O'ROURKE, Acting P. J.


BUCHANAN, J.