Filed 11/21/25  Zelaya v. Arnold CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| CINDY ZELAYA, | H052621 |
| Plaintiff and Appellant, | (Santa Clara County Super. Ct. No. 23CH012010) |
| v. | |
| TIMOTHY ARNOLD, | |
| Defendant and Respondent. | |

Appellant Cindy Zelaya obtained a temporary civil harassment restraining order against her neighbor, respondent Timothy Arnold.  Before a permanent order could issue, Zelaya voluntarily dismissed her case without prejudice.  The trial court then awarded Arnold $7500 in prevailing party attorney fees and costs.  Zelaya now appeals that order.  Finding no abuse of discretion in the award, we will affirm the order.

## I.    BACKGROUND

Zelaya and Arnold were residents of the same condominium complex.  Their children often played together in Arnold's home.  After an incident where Arnold yelled at and physically escorted Zelaya's son out of his home, Zelaya filed a request for a civil harassment restraining order against Arnold seeking protection for herself, her son, her mother, and her father.  The court issued a temporary restraining order and set the matter for hearing to address a permanent order.  Before the hearing, the parties attempted to negotiate a settlement.  Although the parties were unable to resolve the matter, Zelaya dismissed the entire action without prejudice during negotiations.

Arnold moved for prevailing party attorney fees and costs and requested sanctions. (Code Civ. Proc., §§ 128.5, 527.6, subd. (s), 1032.) Arnold argued that he was entitled to fees and costs as a prevailing party because dismissal was entered in his favor. He further argued that sanctions were appropriate because Zelaya's frivolous request caused his information to be entered into the California Law Enforcement Telecommunications System (CLETS) database. Zelaya opposed the motion, arguing Arnold was not the prevailing party because the matter was dismissed without prejudice and the harassment only stopped as a result of the temporary restraining order. Zelaya further argued that even if Arnold were entitled to fees, his request was unreasonable. As to sanctions, Zelaya argued they were not warranted because her claim was not frivolous and Arnold did not separately file a proper sanctions motion complying with Code of Civil Procedure section 128.5. Zelaya made a counter request for sanctions against Arnold under Code of Civil Procedure section 128.5, subdivision (g).

The trial court determined Arnold was entitled to attorney fees and costs but ordered counsel for both parties to submit supplemental briefing on the amount of fees to be awarded. Arnold's counsel submitted a supplemental brief with a supporting declaration breaking down the fees, and Zelaya submitted an opposition. After receiving Zelaya's opposition, the court sua sponte vacated its previous order on fees and costs and reset the matter for hearing. Both parties submitted an opposition and response to the court's sua sponte order. After the trial court heard argument, it reinstated its earlier order and granted Arnold's motion for prevailing party fees and costs in the amount of $7,500. (Code Civ. Proc., § 527.6, subd. (s).) The trial court did not rule on either party's request for sanctions.

## II.    DISCUSSION

The prevailing party in a civil harassment action may be awarded court costs and attorney fees. (Code Civ. Proc., § 527.6, subd. (s); undesignated statutory references are to this Code.) Whether to award attorney fees to a prevailing party in a civil harassment

2

proceeding is a decision committed to the trial court's discretion. (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802 (*Krug*).) The trial court has broad authority to determine the reasonable amount of fees, and a reviewing court will not interfere with that determination absent a manifest abuse of discretion. (*PLCM Group, Inc. v. Drexler* (2000) 22 Cal.4th 1084, 1095.)

Representing herself on appeal, Zelaya disputes that Arnold was the prevailing party. She argues the trial court ignored her evidence at the fee hearing and committed various procedural errors throughout the case amounting to a violation of due process. Zelaya also contends that Arnold engaged in harassing and intimidating behavior and that his counsel coerced her into dismissing the case. We acknowledge the underlying matter involved a charged situation between neighbors. But arguments regarding the merits of the restraining order request and the circumstances of the dismissal are beyond the scope of this appeal, which is limited to the order on attorney fees and costs.

As a preliminary matter, Zelaya's briefing fails to support her various arguments and assertions with any citations to the record. The California Rules of Court require every brief to support each point by argument and, if possible, citation of authority. (Cal. Rules of Court, rule 8.204(a)(1)(B).) In addition, every brief must support references to matters in the record by citation to the volume and page number of the record. (*Id.*, rule 8.204(a)(1)(C).) Arguments may be considered waived if they do not comply with those rules, which apply with equal force to self-represented litigants. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246–1247.) We note in this regard that Zelaya has attached four exhibits to her opening brief, without referring to them in the brief itself. Exhibits B and D are contained in the record on appeal (Cal. Rules of Court, rule 8.204(d)); we decline to consider Exhibits A and C because those documents are not part of the record on appeal. (Cf. *ibid.*)

Although not required to do so in light of Zelaya's unsupported arguments, we have reviewed the record and find no support for the arguments. Zelaya contends the

3

trial court had initially found no party was prevailing, but that finding is not reflected in the record. Zelaya also argues her dismissal was without prejudice and her request for a restraining order was made in good faith, and the trial court therefore incorrectly determined Arnold was the prevailing party. A prevailing party under section 527.6 may include a defendant in whose favor a dismissal was entered. (*Adler v. Vaicius* (1993) 21 Cal.App.4th 1770, 1776–1777 (*Adler*) [defendant considered prevailing party under section 527.6 after voluntary dismissal with prejudice]; *Varney Entertainment Group, Inc. v. Avon Plastics, Inc.* (2021) 61 Cal.App.5th 222, 231 (*Varney Entertainment Group*) [voluntary dismissal without prejudice may support a defendant's claim for prevailing party attorney fees and costs under section 527.6]; see § 1032, subd. (a)(4).) A prevailing defendant can recover fees under section 527.6 even if a lawsuit was brought in good faith. (See *Krug*, *supra*, 172 Cal.App.4th at pp. 798, 800–803.) As Zelaya voluntarily dismissed the action, Arnold may be deemed the prevailing party and entitled to fees. (*See Adler*, at pp. 1776–1777; *Varney Entertainment Group*, at p. 231.)

Zelaya's contention that the court failed to consider her evidence at the fee hearing also finds no support in the record. She concedes the court heard her opposition to Arnold's motion at the hearing and has not provided this court with a sufficient record to review the trial court's actions. We must presume the unreported testimony would confirm the absence of error. (*People v. Seneca Ins. Co.* (2004) 116 Cal.App.4th 75, 80.)

Nor are we persuaded by Zelaya's claim of error in the trial court's sua sponte order vacating the original fee order and setting a hearing on the issue. Indeed, we see no possible prejudice to Zelaya where the court vacated its earlier fee award specifically in order to first consider Zelaya's opposition. (See *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 951–952.) Further, Zelaya filed a response in support of the sua sponte order and did not object to that order at the fee hearing. " 'In order to preserve an issue for appeal, a party ordinarily must

4

raise the objection in the trial court.' " (*Id.* at p. 948.)  Zelaya has forfeited her challenges to the sua sponte order by not objecting in the trial court.  (See *id.* at pp. 948–949.)

Finally, at the hearing on his request for fees, Arnold was ordered to "submit a new order for signature," which the trial court signed the following day without giving Zelaya time to object.  California Rules of Court, rule 3.1312(a) requires the prevailing party to serve a proposed order on the other party for approval unless "the court orders otherwise."  (Cal. Rules of Court, rule 3.1312(a).)  As the trial court signed the proposed order in accordance with rule 3.1312(a), we conclude there was no prejudicial procedural error.

We acknowledge that the attorney fees impose financial stress on Zelaya beyond the stress of the underlying dispute.  But for the reasons we have explained, we conclude the trial court did not abuse its discretion in awarding Arnold attorney fees and costs.

## III.    DISPOSITION

The order awarding attorney fees and costs to respondent Arnold is affirmed.  In the interests of justice, each party shall bear its own costs on appeal by operation of California Rules of Court, rule 8.278(a)(5).

5

_____

Grover, J.

**WE CONCUR:**


_____

Greenwood, P. J.


_____

Rodriguez, J.*


H052621
*Zelaya v. Arnold*

---

*Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.