Filed 5/4/26  Raheb v. Williamson CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| DIANE THERESA RAHEB,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BARBRA WILLIAMSON,<br><br>Defendant and Appellant. | 2d Civ. No. B343023<br>(Super. Ct. No.<br>2023CUHR011180)<br>(Ventura County) |

Barbra Williamson appeals from the trial court's denial of her motion for attorney's fees in a pending civil harassment restraining order sought against Williamson by Diane Raheb. We reverse.

### FACTS AND PROCEDURAL HISTORY

In 2023, Diane Raheb, proceeding in pro per, filed a request for a restraining order seeking protection from Williamson, a fellow resident in the condominium community where Raheb lived.  Raheb's request for a temporary restraining order was denied pending a hearing on her request for a permanent protective order.  Williamson filed a response to Raheb's request, denying the allegations and requesting attorney's fees and costs.

Raheb did not appear at the August 2023 hearing on her petition. The trial court denied Williamson's request to dismiss the case. Per the hearing's minute order, the matter was "taken off calendar" and the "Temporary Restraining Order . . . dissolved as of this date," although there was no temporary restraining order in place. The trial court set no further hearings in the case.

Over 10 months later, in June 2024, Williamson filed a motion to dismiss the case and for attorney's fees in the amount of $14,072.50. Raheb, represented by counsel, opposed the motion. In August 2024, the parties appeared for the hearing on Williamson's motion, and the trial court took the matter under submission.

In an October 2024 ruling, the trial court noted Raheb's failure to appear in August 2023 and that the matter was taken off calendar. The trial court further noted Raheb "failed to proceed in this matter" and that "[t]he petition has never been denied or withdrawn or the case dismissed and has been lingering." The trial court concluded the August 2023 order "resolved the case completely," "disposed of all issues between the parties," and "was an appealable order." The trial court further ruled that "[a]s an order dissolving the temporary restraining order[1] and taking the petition off calendar, it is properly treated as a final judgment." Thus, the trial court denied Williamson's motion because it was untimely filed.

DISCUSSION

Williamson contends the trial court improperly concluded her motion for attorney's fees was untimely. We agree.

---

[1] As set forth above, there was no temporary restraining order in place to be dissolved.

To resolve Williamson's claim, we must interpret and apply rules of court to a set of undisputed facts. Our review is de novo. (*In re A.H.* (2025) 115 Cal.App.5th 1217, 1227; *Webster v. Appellate Division of Superior Court* (2020) 51 Cal.App.5th 676, 679–680.) "[A] determination of whether the criteria for an award of attorney fees and costs have been met is a question of law" also subject to de novo review. (*Ramos v. Countrywide Home Loans, Inc.* (2000) 82 Cal.App.4th 615, 621.)

Under the civil harassment restraining order statutes, a trial court has discretion to award attorney's fees and costs to the prevailing party. (Code Civ. Proc., § 527.6, subd. (s).) A motion for fees must be filed and served within the time frame for filing a notice of appeal, which is the earlier of 60 days after service of notice of entry of judgment or appealable order, or 180 days after entry of judgment or appealable order. (Cal. Rules of Court,[2] rules 3.1702(b)(1), 8.104(a)(1) & 8.104(e).)

To determine Williamson's deadline to file her fee motion, we must first identify the "appealable order" preceding her motion. According to the trial court, the August 2023 ruling taking Raheb's petition off calendar was an appealable order properly treated as a judgment, and thus Williamson's deadline to file her fee motion was either 60 or 180 days after that order. Because Williamson filed her motion more than 10 months after August 2023, it was late under either deadline set forth in rule 8.104(a)(1).

Williamson contends the deadline to file her motion never started to run, because there was no "definitive order" or other notice providing that the "case was over." We agree.

---

[2] All rule references are to the California Rules of Court.

A Court of Appeal's jurisdiction is limited to reviewing orders made appealable by statute. (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) Code of Civil Procedure section 904.1 lists the appealable judgments and orders we may review. In determining the right to appeal, the focus is not on the form of the order or judgment, but rather its legal effect. (*Daar v. Yellow Cab Co.* (1967) 67 Cal.2d 695, 698–699.)

The trial court's denial of Williamson's motion for attorney's fees presumes that the August 2023 order is an appealable order. An order taking Raheb's petition off calendar, however, is not appealable. (*M. G. Chamberlain & Co. v. Simpson* (1959) 173 Cal.App.2d 263, 281; *People v. The North River Ins. Co.* (2011) 200 Cal.App.4th 712, 719, fn. 3 [" ' "OFF Calendar" is not synonymous with "dismissal." "Off" merely means a postponement whereas a "dismissal" in judicial procedure has reference to a cessation of consideration' "]; see also *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 652–653.) The August 2023 order did not determine the final rights of the parties. The trial court did not (and still has not) made a determination on Raheb's petition, and the case has not been dismissed. The trial court noted as much in its denial of Williamson's motion, stating the petition had not been dismissed and had been "lingering." Had the trial court denied Raheb's petition in August 2023, Williamson's fee motion would be untimely. But that is not what occurred here. The court stated that Raheb's petition "has never been denied or withdrawn or the case dismissed and has been lingering."

Taking the matter off calendar, rather than dismissing the petition, can lead to confusion among the parties, who

4

understandably want the matter to be final.  Merely taking the matter off calendar renders uncertainty as to the case's finality, and is not a final determination; it is a postponement.  And because there is no final determination on Raheb's petition, there is no "prevailing party."[3]  (See Code Civ. Proc., § 527.6, subd. (s); see also *Presley of Southern California v. Whelan* (1983) 146 Cal.App.3d 959, 961 [discussing an award of attorney's fees under Civ. Code, § 1717: "There must be a prevailing party before the fee provision applies, and no one has yet prevailed here"].)  Thus, the trial court must in the first instance determine whether there is a prevailing party before adjudicating Williamson's fee motion.

The trial court is best equipped to make the prevailing party determination.  (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802; *Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1443.)  Thus, we reverse and remand the case for the trial court to rule on Raheb's petition and make that determination.

We do not comment on the merits of Williamson's fee motion or the amount sought therein.  We reverse only for the limited purpose of establishing the prevailing party in this matter.  On this record, there is currently no prevailing party; thus, there is no party to whom attorney fees can be awarded.

## DISPOSITION

The judgment is reversed and remanded for the trial court to rule on Raheb's petition, to determine the prevailing party,

---

[3] Neither the August 2023 order (taking the matter off calendar) nor the October 2024 ruling (on Williamson's fee motion) mention a prevailing party, or direct the prevailing party to file a fee motion.

and to exercise its discretion whether to award attorney's fees and costs.  Williamson to recover her costs on appeal.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:



YEGAN, Acting P. J.



CODY, J.

6

Amy E. Van Sickle, Judge

Superior Court County of Ventura

_____

Law Offices of Michael D. Kwasigroch and Michael D. Kwasigroch for Defendant and Appellant.

Law Offices of Rosenthal & Associates and Lisa F. Rosenthal for Plaintiff and Respondent.