Filed 6/29/26  Costa v. Kral CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

|  |  |
|---|---|
| SHAUNA COSTA, | |
| Plaintiff and Appellant, | G065336 |
| v. | (Super. Ct. No. 30-2024-01426950) |
| NATASHA KRAL, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Julianne Bancroft, Judge. Reversed and Remanded.

Quinn & Dworakowski, Stephane Quinn, and David Dworakowski for Plaintiff and Appellant.

Natasha Kral in pro. per., for Defendant and Respondent.

Appellant Shauna Costa sought $21,335.70 in attorney fees after obtaining a civil harassment restraining order under Code of Civil Procedure section 527.6[1] against respondent Natasha Kral. The trial court awarded Costa $4,500. Costa contends the trial court abused its discretion in reducing the fee award by over 75 percent. We agree.

FACTUAL AND PROCEDURAL BACKGROUND

In October 2024, the trial court granted Costa's request for a civil harassment restraining order against Kral based on a series of videos Kral posted on social media. As the prevailing party, Costa requested $21,335.70 in attorney fees and costs. This amount was based on work done by an attorney, two paralegals, and three law clerks.

In Kral's opposition, she stated she was unable to pay the requested fees. Kral also raised concerns about the accuracy and reasonableness of the fees requested based on three billing discrepancies she found in Costa's attorney's billing. First, Costa's attorney billed to set up a new client file even though Costa was an existing client. Second, Costa's attorney billed for fees connected to Costa's unrelated family case. Third, Costa's attorney had given Kral ex parte notice for a hearing, but when Kral and her attorney showed up to the hearing, they discovered no hearing had been scheduled because Costa had failed to file the ex parte paperwork. Costa's attorney billed for travel to the ex parte hearing even though they did not appear.

At the hearing for attorney fees, Costa's attorney conceded there were two "double charge" mistakes in their attorney fee request. One charge, for $385, was for work performed in Costa's family law matter. The other, for

---

[1] All further statutory references are to the Code of Civil Procedure, unless stated otherwise.

$85, was for a personal service that had been charged twice. The trial court took the matter under submission. In its written ruling, the court determined the $21,237.50 fees requested by Costa were "not reasonable" but otherwise offered no explanation or rationale for ultimately awarding reduced fees in the amount of $4,500.

Costa timely appealed.

## DISCUSSION

## I.

## GOVERNING LAW AND STANDARD OF REVIEW

Under section 527.6, subdivision (a)(1), "[a] person who has suffered harassment . . . may seek a temporary restraining order and an order after hearing prohibiting harassment as provided in this section." Section 527.6, subdivision (s), provides that "[t]he prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any."

The decision whether to award attorneys' fees under section 527.6, subdivision (s), "is a matter committed to the discretion of the trial court." (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802; accord, *Wash v. Banda-Wash* (2025) 108 Cal.App.5th 561, 568.) The court likewise has discretion to determine the amount of attorney fees. (*Wash,* at p. 568; *Krug,* at p. 802.) We review the court's decision in awarding attorneys' fees for an abuse of discretion. (See *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770, 1777.) "'Although this standard is deferential, a court abuses its discretion where no reasonable basis for the action is shown.'" (*The Kennedy Com. v. City of Huntington Beach* (2023) 91 Cal.App.5th 436, 456.)

While trial courts have significant discretion to determine reasonable attorney fee awards, that discretion is not unbounded. "'"The

3

starting point of every fee award . . . must be a calculation of the attorney's services in terms of the time he [or she] has expended on the case. Anchoring the analysis to this concept is the only way of approaching the problem that can claim objectivity . . . .”’” (*Roe v. Halbig* (2018) 29 Cal.App.5th 286, 311 (*Roe*).) Thus, “[i]n setting attorney’s fees ‘[t]he basis for the trial court's calculation must be the actual hours counsel has devoted to the case, less those that result from inefficient or duplicative use of time.’” (*Ibid.*)

Although a trial court is not required to issue a statement of decision regarding a fee award or to identify each charge it finds unreasonable, it must articulate—at least in general terms—its reasons for significant reductions to a fee request. (*Snoeck v. ExakTime Innovations, Inc.* (2023) 96 Cal.App.5th 908, 921.) That is, a court presented with a voluminous fee request may “‘“‘make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure,’”’” but it “must clearly explain its reasons for choosing the *particular* [reduction] that it chose; otherwise, the reviewing court is unable to determine that the court had valid, specific reasons for its across-the-board percentage reduction.” (*Warren v. Kia Motors America, Inc.* (2018) 30 Cal.App.5th 24, 41 (*Warren*).)

Where no statement of decision is requested by the parties, we assume the trial court made whatever findings were necessary to support the order. (*Horning v. Shilberg* (2005) 130 Cal.App.4th 197, 202.) In doing so, we must indulge all presumptions in favor of the order. (*Ibid*.) We also review the trial court’s express and implied factual findings for substantial evidence. (*Sabbah v. Sabbah* (2007) 151 Cal.App.4th 818, 822–823; *Fladeboe v. American Isuzu Motors, Inc.* (2007) 150 Cal.App.4th 42, 60.)

“‘“‘“The abuse of discretion standard is “deferential,” but it “is not empty”’”’ [Citation.] ‘When the record is unclear whether the trial court's

4

award of attorney fees is consistent with the applicable legal principles, we may reverse the award and remand the case to the trial court for further consideration and amplification of its reasoning.'" (*Roe, supra*, 29 Cal.App.5th at p. 312.)

## II.

## ANALYSIS

Costa contends the trial court abused its discretion by arbitrarily reducing her fee request by more than 75 percent without sufficient explanation, application of the lodestar method, or any discernible methodology.  On this record, we agree.[2]

First, the trial court did not undertake a lodestar analysis. This was error. As we have said, trial courts "must . . . begin any calculation of reasonable attorney fees with the total number of hours counsel have actually spent on the case." (*Roe, supra*, 29 Cal.App.5th at p. 311.) Because the court did not do so here, it failed to "[a]nchor[ ] [its] analysis" to an objective measure. (See *ibid.*)

Second, the trial court reduced the fee amount by over 75 percent but did not explain whether the reduction was based on the hours charged or the hourly rate. While it was well within the court's discretion to determine the number of hours claimed and the hourly rates sought by Costa's counsel were excessive, it was incumbent on the court to explain, at least in general terms, how it arrived at its attorney fee award. (See *Warren, supra,* 30 Cal.App.5th at p. 41.) The court did not do so here.

---

[2] Because we reverse on the basis that the trial court abused its discretion by reducing the fee award without explanation, we need not address Costa's argument that the court's ruling rested on improper considerations or undermined the purpose of section 527.6.

5

Kral urges that the trial court's fee award was warranted because Costa's time records were unreliable. She cites evidence of how counsel's time entries were duplicative and inflated (i.e., they billed for an unrelated family matter and for an unfiled ex parte motion). There is no question that, if it agreed with Kral's contentions, the trial court had the discretion to award Costa's attorneys less than they requested. But we cannot assess whether the trial court properly exercised its discretion, including whether it was based on valid or invalid criteria, because, on this record, we cannot determine how it arrived at the attorney fees it awarded. Therefore, we reverse the fee award and remand the case to the trial court for further consideration.

DISPOSITION

The order is reversed, and the matter is remanded to the trial court to reconsider Costa's motion for attorney fees and provide an explanation of the attorney fees award sufficient to permit meaningful appellate review. Costa is awarded her appellate costs.


DELANEY, J.


WE CONCUR:



SANCHEZ, ACTING P. J.



SCOTT, J.

6