Filed 12/31/25  Cellini v. Schwarz CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JEANETTE M. CELLINI, | C100079 |
| Plaintiff and Respondent, | (Super. Ct. No. 34-2021-70010014-CU-HR-GDS) |
| v. | |
| JON S. SCHWARZ, | |
| Defendant and Appellant. | |

This is the second appeal in a civil harassment action involving next-door neighbors, Jeanette M. Cellini and Jon S. Schwarz.  In the first appeal, we issued an unpublished opinion affirming the order granting Cellini a three-year restraining order against Schwarz under Code of Civil Procedure section 527.6.[1]  (*J.C. v. J.S.* (Sept. 30, 2024, C098706) [nonpub. opn.] (*J.C.*).)  In this appeal, Schwarz challenges the order

---

[1]  Undesignated statutory references are to the Code of Civil Procedure.

1

awarding Cellini attorney fees and court costs ($28,067.50) under section 527.6, subdivision (s). We affirm.[2]

## BACKGROUND

The parties are familiar with the facts and procedural history of this case, including the details of the conduct giving rise to the civil harassment restraining order imposed against Schwarz. As such, we only briefly summarize the background information pertinent to the resolution of this appeal.

*Section 527.6*

In 1978, the California Legislature enacted a statute (§ 527.6) permitting persons who are victims of specified types of harassment to seek injunctive relief against the harassing party. (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 798; see § 527.6, subds. (a), (b).) The statute provides an expedited procedure to prevent harassment (*Byers v. Cathcart* (1997) 57 Cal.App.4th 805, 811), which is defined as "unlawful violence, a credible threat of violence, or a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose. The course of conduct must be that which would cause a reasonable person to suffer substantial emotional distress, and must actually cause substantial emotional distress to the petitioner." (§ 527.6, subd. (b)(3).)[3] When the

---

[2] At oral argument in this court, held on December 15, 2025, appellant's attorney stated that his client had expressed the intent to dismiss the appeal. As of the date of this filing, this court has received no request or stipulation to dismiss and this appeal remains pending and under submission. (See Cal. Rules of Court, rules 8.244(c), 8.54.)

[3] A "course of conduct" is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or email. Constitutionally protected activity is not included within the meaning of 'course of conduct.' " (§ 527.6, subd. (b)(1).)

statute was enacted, the Legislature expressly stated that it was "intended 'to protect the individual's right to pursue safety, happiness and privacy as guaranteed by the California Constitution.' " (*Yost v. Forestiere* (2020) 51 Cal.App.5th 509, 520.)

Section 527.6, subdivision (j) authorizes the trial court to issue a restraining order prohibiting unlawful harassment for a period up to five years. The statute also permits the trial court to award attorney fees and court costs to the prevailing party in an action brought under the statute. (*Id.*, subd. (s).) The grant or denial of a motion for attorney fees and court costs is a matter committed to the discretion of the trial court. (*Krug v. Maschmeier*, *supra*, 172 Cal.App.4th at p. 802.)

*Petition for Civil Harassment Restraining Order*

In November 2021, Cellini filed a petition for a civil harassment restraining order against Schwarz, her next-door neighbor. In support of her petition, Cellini alleged (among other things) that Schwarz had shined a bright light into her bedroom window on two occasions while she was sleeping, kicked down the fence between their properties, and harassed anyone outside her home by flipping them off, screaming, and calling them foul names. (*J.C.*, *supra*, C098706.)

After the issuance of a temporary restraining order and multiple continuances due in large part to Cellini's inability to serve Schwarz with the order, a long cause hearing was held in September 2022 and February 2023.[4] In April 2023, the trial court granted Cellini a three-year protective order from Schwarz. The order requires Schwarz to stay at least two yards away from Cellini, prohibits Schwarz from harassing or contacting Cellini, and prohibits Schwarz from entering Cellini's property or causing anything to enter the property, including intentionally shining lights on Cellini's property. Schwarz timely appealed from the order. (*J.C.*, *supra*, C098706.)

---

[4] Cellini claimed that Schwarz was purposely making efforts to evade service. (*J.C.*, *supra*, C098706.)

3

*Motion for Attorney Fees and Court Costs*

While that appeal was pending, Cellini filed a motion for attorney fees and court costs ($28,960) on May 4, 2023, asserting that such relief was warranted under section 527.6, subdivision (s) because she was the prevailing party in an action brought under the statute. The proof of electronic service indicated that the fee motion and supporting papers were electronically served on May 3 to the e-mail address of Schwarz's counsel-dan@nearlawoffice.com.[5] The notice of motion indicated that the specific hearing date would be provided once it was ascertained from the court.[6]

Less than two weeks later, on May 16, Cellini filed a "supplemental" notice of motion, indicating that the hearing on her fee motion would be heard on June 2 or as soon thereafter as the matter could be heard. The proof of electronic service stated that the supplemental notice of motion was electronically served six days earlier (i.e., on May 10) to the e-mail address of Schwarz's counsel--dan@nearlawoffice.com.

Ten days after the supplemental notice of motion was filed, on May 26, Cellini filed a notice of non-opposition, which urged the trial court to construe the lack of an opposition as an admission the fee motion was "meritorious," and to "preclude oral argument on facts, evidence, and legal theory not previously disclosed." That same day, Schwarz filed an objection to the fee motion, asserting that it was served by "unauthorized" electronic service on May 10, since his counsel never consented to receive electronic service, electronic service had not been ordered by the court, and

[5] Dan Near represented Schwarz in the proceedings below and now on appeal. At no point has Schwarz claimed that the e-mail address used by Cellini to effect electronic service was not the e-mail address of his counsel. According to Cellini, the e-mail address was taken from Near's profile on the California State Bar's website.

[6] Before the fee motion was filed on May 4, the blank spaces on the notice of motion were filled in by the clerk's office with handwritten notations, specifying that the hearing on the motion was set for June 2.

Cellini's counsel never confirmed whether the e-mail used was the appropriate address for electronic service. Schwarz added that, even if electronic service was authorized, the fee motion should be denied as untimely served. In making this argument, Schwarz explained that because the statutory provision governing electronic service (§ 1010.6) provides that any period of notice shall be extended after service by electronic means by two court days, all moving and supporting papers were required to be filed by May 8 for a June 2 hearing date. In other words, Schwarz claimed the notice was defective or inadequate because the moving and supporting papers were filed on May 10, two days short of the required period of notice under section 1005. Schwarz did not request a continuance to address the merits of the fee motion, and did not claim prejudice by reason of inadequate notice or service. Nor did Schwarz claim that the e-mail address set forth in the relevant electronic proofs of service filed by Cellini was not the e-mail address of his counsel. To the contrary, Schwarz tacitly conceded as much by acknowledging that the fee motion was served on him "by unauthorized electronic service on May 10, 2023."

Cellini's counsel appeared at the June 2 hearing on the fee motion but Schwarz's counsel did not. Neither party was present at the hearing. That same day, the trial court issued a minute order stating that the matter had been taken under submission.

Around two weeks later, the trial court issued a written order granting the fee motion. In so ruling, the court stated as follows:

"[Schwarz], through counsel, filed an Objection to [Cellini's fee motion] on May 26, 2023, arguing that the Motion was not timely and was not properly served. [Cellini's] Motion was served on [Schwarz] via electronic service on May 3, 2023, according to [Cellini's] Proof of Service, or on May 10, 2023 according to [Schwarz's] Objection. Nevertheless, [Schwarz] contends that this electronic service was defective because the Court has not ordered [Schwarz] to accept electronic service in this action and [Schwarz] has not expressly consented to receive electronic service, citing . . . section 1010.6 subdivision (a)(2)(A)(ii), which was removed from section 1010.6 effective

5

January 1, 2023.  The current text of section 1010.6 subdivision (a)(2) provides, '(2) If a document is required to be served by certified or registered mail, electronic service of the document is not authorized.'  [Citation.]

"[S]ection 1005 requires all moving and supporting papers to be filed and served at least 16 court days before the hearing.  Due to the Court holiday on Monday, May 29, 2023, [Cellini's] moving and supporting papers for this Motion had to be filed and served no later than May 10, 2023.  [Schwarz] argues that electronic service of the moving and supporting papers on that date was defective because [Schwarz] had not expressly consented to receive electronic service.  This argument is misplaced as express consent is no longer a statutory requirement.  Moreover, [Schwarz] raised this argument through a substantive opposition, thereby demonstrating no prejudice was suffered.

"[Cellini] requests reasonable attorneys' fees of $28,960.00.  [Schwarz] does not argue that the rates and hours are not reasonable.  The Court has reviewed the submitted billing records and attorneys' billing rates and finds them to be reasonable and necessary, with the exception of one entry dated 1/19/2021, for 0.3 hours described as '*Round trip to court house to file Declaration of UCCJEA, Response to Request for Dissolution (Divorce) of Marriage & POS*.'  This task does not appear to relate to the instant case and the requested attorney's fees of  $28,010.50 are reduced by $22.50 accordingly.

"[Cellini] is hereby awarded a total sum of $28,067.50, which reflects attorney's fees of $27,987.50 plus $80 in costs as set forth on [Cellini's] MC-010-Memorandum of Costs."  (Emphasis omitted.)

*Motion to Vacate*

In June 2023, Schwarz filed a motion to vacate the fee order.  In support of the requested relief, Schwarz reiterated the arguments he made in his objection to the fee motion.

Cellini opposed the motion, arguing that it should be denied for various reasons, including that it was, in effect, a defective motion for reconsideration under section 1008, as it was untimely and lacked any basis (e.g., new law or facts) to justify the relief requested.

In November 2023, after a hearing, the trial court issued an order denying the motion.

*Appeal and Appellate Briefing*

Schwarz timely appealed. The case was fully briefed in March 2025 and assigned to this panel in April 2025.

## DISCUSSION

Schwarz argues the trial court violated his constitutional right to due process by granting the fee motion without affording him proper notice. He claims reversal is required because the fee motion was not properly served, as electronic service was not "authorized." He further argues that, even if electronic service was proper, the fee motion was made without the statutorily prescribed period of notice. As we next explain, because Schwartz has not met his burden to show prejudice, we find no basis for reversal and need not address his arguments regarding the propriety of notice.

I

*Applicable Legal Principles*

Subdivision (b) of section 1005 provides, in relevant part: "Unless otherwise ordered or specifically provided by law, all moving and supporting papers shall be served and filed at least 16 court days before the hearing. The moving and supporting papers served shall be a copy of the papers filed or to be filed with the court."

The statute governing electronic service provides: "If a document may be served by mail, express mail, overnight delivery, or facsimile transmission, electronic service of that document is deemed complete at the time of the electronic transmission of the document or at the time that the electronic notification of service of the document is sent.

7

[¶] Any period of notice, or any right or duty to do any act or make any response within any period or on a date certain after the service of the document, which time period or date is prescribed by statute or rule of court, shall be extended after service by electronic means by two court days . . . ."  (§ 1010.6, subd. (a)(3)(A), (B).)[7]

The principal purpose of the requirement to file and serve a notice of motion a specified number of days before the hearing is to provide the opposing party adequate time to prepare an opposition.  (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 828.)  In order to obtain a reversal based upon inadequate notice, the appellant must demonstrate not only that the notice was defective, but that he or she was prejudiced.  (*Reedy v. Bussell* (2007) 148 Cal.App.4th 1272, 1289 [" 'Procedural defects which do not affect the substantial rights of the parties do not constitute reversible error' "]; see *In re Marriage of Obrecht* (2016) 245 Cal.App.4th 1, 13 [ to "preserve a claim to defective notice of motion or other hearing, the objection must be raised at the earliest opportunity and accompanied by some indication of prejudice"].)

It is a fundamental rule of appellate review that the judgment or order challenged on appeal is presumed to be correct, and it is the appellant's burden to affirmatively demonstrate error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564; *People v. Sanghera* (2006) 139 Cal.App.4th 1567, 1573.)  " 'All intendments and presumptions are indulged to support it on matters as to which the record is silent.' "  (*Denham*, at p. 564.)

An appellant has the burden not only to show error but prejudice from that error.  (Cal. Const., art. VI, § 13; see *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107.)  If an appellant fails to satisfy that burden, his argument will be rejected on appeal.  (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.)  "[W]e cannot presume prejudice and will not reverse the judgment in the absence of an affirmative showing

---

[7]  This provision includes certain exceptions not applicable here.  (See § 1010.6, subd. (a)(3)(B).)

8

there was a miscarriage of justice." (*Ibid.*) A "miscarriage of justice" will be declared only when the appellate court, after examining the entire case, including the evidence, is of the opinion that "it is reasonably probable that a result more favorable to the appealing party would have been reached in the absence of the error." (*Cassim v. Allstate Ins. Co.* (2004) 33 Cal.4th 780, 800.) " '[A] "probability" in this context does not mean more likely than not, but merely a *reasonable chance*, more than an *abstract possibility*.' " (*Ibid.*)It is not our role to act as counsel for appellant by furnishing a legal argument, including constructing theories or arguments as to how the trial court's ruling was prejudicial. (*Benach v. County of Los Angeles* (2007) 149 Cal.App.4th 836, 852; *Century Surety Co. v. Polisso*, *supra*, 139 Cal.App.4th at p. 963.) We may and do deem arguments forfeited when they are not supported by cogent legal analysis, including citation to pertinent legal authority. (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 153; *Landry v. Berryessa Union School Dist.* (1995) 39 Cal.App.4th 691, 699-700.)

II

*Analysis*

We see no basis for reversal. Here, regardless of the propriety of service, Schwartz received the documents at issue and responded to them. The evidence in the record shows that the fee motion was electronically served by Cellini on May 3, 2023, and filed with the trial court the following day. In written filings, Schwarz acknowledged that his counsel received the notice of motion and supporting papers on May 3, which were sent to counsel's e-mail address--dan@nearlawoffice.com. The notice specifically stated that the date of the hearing would be included in an amended notice of motion once it was ascertained from the trial court. Thereafter, a "supplemental" notice of motion was electronically served by Cellini on May 10 to the same e-mail address, which stated that the hearing was set for June 2. Sixteen days later, on May 26, Cellini filed a notice of non-opposition to the fee motion. In response, Schwarz did not request a continuance or

9

file an opposition.  Instead, he filed an objection, asserting that the fee motion should be denied because the motion and supporting documents were served by "unauthorized" electronic service on May 10, and that, even if electronic service was proper, he did not receive adequate (i.e., timely) notice because all moving and supporting papers were required to be filed by May 8, as the statutory provision governing electronic service (§ 1010.6) provides that any period of notice shall be extended after service by electronic means by two court days.  Schwarz did not appear at the hearing on the fee motion or submit any written filing addressing the merits of the motion.  Nor, critically, did Schwarz submit any written filing explaining how he was prejudiced by the timing or manner of service.

On appeal, Schwarz insists that he was denied due process to "defend" against the fee motion because the governing law required all moving and supporting papers to be properly served by May 8 for the scheduled June 2 hearing.  But Schwarz made no effort in the trial court (and now on appeal) to demonstrate prejudice from the timing of service.  None appears on the face of the record, as we have described.  As a result, there is no basis for reversal.  (See *Reedy v. Bussell*, *supra*, 148 Cal.App.4th at p. 1289; see also *In re Marriage of Obrecht*, *supra*, 245 Cal.App.4th at p. 13.)  Accordingly, we will affirm the challenged order.

10

## DISPOSITION

The order awarding Cellini attorney fees and court costs ($28,067.50) under section 527.6, subdivision (s) is affirmed.  Cellini is entitled to her costs on appeal.  (Cal. Rules of Court, rule 8.278(a).)

|  |
|---|
| /s/ |
| Duarte, J. |

We concur:

|  |
|---|
| /s/ |
| Mauro, Acting P. J. |

|  |
|---|
| /s/ |
| Renner, J. |

11